618 So.2d 1014 (1993)
Lillian V. MARTIN
v.
RIVERVIEW MEDICAL CENTER.
No. 92 CA 0518.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*1016 Edwin R. Woodman, Jr., Baton Rouge, for Lillian Martin.
Lawrence J. Centola, Jr., Carmouche, Gary & Hoffman, New Orleans, for Riverview Medical Center.
Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a workers' compensation case.

FACTS
On August 4, 1986, plaintiff, Lillian V. Martin, a 34-year-old mother of two children, was employed by the Riverview Medical Center ("Riverview") as a diet technician. While in the course and scope of her employment, plaintiff was exiting her office when she slipped in a puddle of water just outside her doorway. She fell onto the tile floor and slid into a steel freezer, injuring her ankle and her right side. Plaintiff was immediately sent to the emergency room by her supervisor. She claims that she complained of hip and lower back pain to the emergency room doctor and later to Dr. Joseph Fraiche, but both doctors allegedly dismissed her pain as being bruised areas resulting from the fall.
Following a leave of absence, plaintiff returned to work and was informed by her supervisor that her hours were being cut and that she would have to work the night shift. As a result of the changed working conditions, plaintiff claims she was forced to quit her job.
Since her fall, plaintiff has seen numerous doctors and other health care providers. Despite repeated requests for workers' compensation benefits, plaintiff was paid only $700.00. On January 8, 1988, plaintiff filed the instant suit against defendant, Riverview, for workers' compensation benefits and penalties. Plaintiff sought damages for: (1) past and future weekly indemnity benefits; (2) past and future medication bills; (3) past and future medical, surgical, and chiropractic bills; (4) travel to health care providers in the past and future at the rate of $.20 per mile; (5) a 12% penalty and attorney's fees for arbitrary and capricious denial of benefits; and (6) penalties for wrongful discharge.[1] She also alleged that defendant arbitrarily, capriciously, and without probable cause, refused to pay her workers' compensation benefits in spite of her numerous demands.
The matter went to trial on February 20, 1991. Riverview did not dispute that a work-related accident occurred, but they contended that plaintiff's back condition was not causally related to the August 4, 1986, accident and that the accident did not result in permanent disability. Judgment was rendered July 12, 1991, in favor of plaintiff and against Riverview for $14,613.48[2] plus costs and interest. From this adverse judgment, plaintiff appealed, assigning two specifications of error as follows:[3]
1. The trial court erred in failing to find that plaintiff's condition and resulting disability were caused by the work-related accident.
2. The trial court erred in failing to assess statutory penalties, attorney's fees, and penalties for wrongful discharge.

CAUSATION
A workers' compensation claimant has the burden of proving his claim even though the Louisiana Workers' Compensation Act, LSA-R.S. 23:1021, et seq., is *1017 to be construed liberally in favor of the claimant. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). The claimant must establish his disability and its causal relation with his employment accident by a preponderance of the evidence. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La. 1985). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Patterson v. GNB Battery, Inc., 569 So.2d 640, 642 (La.App. 2nd Cir.1990), writ denied, 573 So.2d 1134 (La.1991). In order for the employee to recover, it must be determined that his employment somehow caused or contributed to his disability, but it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Association, Inc., 475 So.2d at 324.
An employee's disability will be presumed to have resulted from an employment accident if before the accident the employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La. 1977). This presumption is not conclusive, but it forces the defendant to come forward with sufficient contrary evidence to rebut it. Allor v. Belden Corporation, 393 So.2d 1233, 1236 (La.1981).
Once the employee establishes the prerequisites to apply the presumption of causal relationship, the employer has the burden of producing evidence to persuade the trial court that it is more probable than not that the work-injury of which the employee complains did not result from the accident or did not accelerate, aggravate, or combine with the preexisting disease or condition to produce the disability. Walton v. Normandy Village Homes Association, Inc., 475 So.2d at 325.
If the evidence is evenly balanced, or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation or conjecture, the trial court may conclude that the claimant has failed to carry his burden of proof. Patterson v. GNB Battery, Inc., 569 So.2d at 643; Dunckelman v. T. Baker Smith & Sons, Inc., 447 So.2d 26, 28 (La.App. 1st Cir.1984); Page v. Prestressed Concrete Company, 399 So.2d 657, 661 (La.App. 1st Cir.), writ not considered, 401 So.2d 994 (La.1981).
It is a judge's responsibility in a workers' compensation case to determine if and to what extent plaintiff suffered a compensable disabling injury, and great weight is afforded a trial court's finding of work-related disability. Therefore, such findings will not be disturbed unless they are clearly wrong. Martin v. Orleans Parish School Board, 427 So.2d 83, 86 (La.App. 4th Cir.1983). If the trial court's findings are reasonable in the light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
After hearing all the testimony and reviewing all of the evidence, the trial court determined that plaintiff failed to meet her burden of proof and that plaintiff's back condition was caused by events other than her work-related injury.
PLAINTIFF'S EVIDENCE ESTABLISHING PRESUMPTION OF CAUSATION
Plaintiff began working for Riverview in 1986 as a diet technician where she was on her feet most of the day. Plaintiff testified that before the accident she led a normal life, characterizing herself as being "as healthy as a horse." She was a hairdresser prior to working at Riverview, driving one hour to Mandeville daily and standing on her feet all day. Plaintiff testified that the only problem she experienced prior to her fall at Riverview was occasional irritation in her coccyx area (tailbone) due to a fall in 1973. Fay Babin, prior payroll benefits coordinator for Riverview, testified *1018 that plaintiff was a good employee with a good work performance prior to her fall.
After the fall at Riverview, plaintiff testified that she experienced constant pain and a burning sensation in her right buttock and right side. She alleges that she complained of the pain to Dr. Fraiche, but that he dismissed her pain as being areas that were bruised from the fall. Plaintiff indicated that the pain was not in the coccyx area which had been injured in her 1973 fall; rather, the pain was in an area above and to the right of the coccyx.
In January of 1987, Dr. Steven Cavalier, a neurosurgeon, performed a myelogram on plaintiff and determined that she had mechanical low back pain and suggested that she begin physical therapy.
In February of 1987, plaintiff saw Dr. Rauchewerk for low back and right leg pain. He called in Dr. Charles Aprill, a diagnostic radiologist, to do selective nerve blocks on plaintiff, which gave her only temporary relief from her pain.
Dr. Raeburn Llewellyn began seeing plaintiff in 1988. He tried many methods of conservative treatment such as back braces, leg braces, physical therapy, whirlpools, heat, ice, biofeedback, hypnosis, and TENS units, but he received no satisfactory results. As a final resort, Dr. Llewellyn performed a rhizotomy on plaintiff in December of 1989. The pain subsided for about three months, but it returned thereafter. Dr. Llewellyn then found plaintiff to be permanently disabled.
Since the accident, plaintiff testified that she has had to depend on family and friends to help her do things. She cannot take baths alone, perform housework, or lift more than twenty pounds. Plaintiff stated that she has become very forgetful since the accident, and her family now dispenses her medication. Plaintiff's testimony was corroborated by that of her husband, her daughter, a friend, and a neighbor.
Looking at the evidence, we find that plaintiff satisfactorily proved that before the accident she was performing all the duties of her job without any disabling symptoms, that commencing with the accident she has been unable to perform her duties, and that there is evidence indicating a reasonable possibility of causal connection between the accident and the disability. Thus, plaintiff was entitled to benefit from the presumption set forth above, and the burden shifted to defendants to prove the absence of any causal relationship between the accident and plaintiff's back condition.
DEFENDANT'S REBUTTAL EVIDENCE
Although defendants admit that plaintiff sustained a work-related injury to her ankle when she fell at Riverview, they contend that plaintiff's back condition is not causally related to that fall. Defendants rely upon the medical evidence to rebut the presumption and to prove by a preponderance of the evidence that plaintiff's work injury was not causally related to her disability. The evidence consisted of various medical reports and the deposition testimony of three physicians: Dr. Steven Cavalier; Dr. Joseph Rauchewerk; and Dr. Raeburn Llewellyn.
On January 20, 1987, more than five months after her fall at Riverview, plaintiff went to see Dr. Cavalier, a neurologist, with complaints of low back and right leg pain. In giving her medical history, plaintiff did not mention falling at Riverview. However, she indicated that she was in an automobile accident the previous year and could not recall whether her symptoms began before or after the accident. Dr. Cavalier determined that plaintiff had mechanical low back pain and suggested that she begin physical therapy. Dr. Cavalier testified that he never established the cause of plaintiff's abnormalities, but he indicated that it was possible that the symptoms predated the automobile accident or were related to the automobile accident.
In February of 1987, plaintiff saw Dr. Rauchewerk, complaining of low back and right leg pain. Dr. Rauchewerk testified that he had treated plaintiff on two prior occasions, once in 1984 for low back pain, and again in 1985 for low back pain and right thigh, calf, and heel pain. In 1985, plaintiff informed Dr. Rauchewerk that she had been experiencing the pain for a period of time, but that it had gotten worse after *1019 a recent automobile accident. Dr. Rauchewerk then determined that plaintiff had an acute right sciatica, which was secondary to disc herniation of the lumbar spine.
Dr. Rauchewerk testified that in February of 1987, the locations of plaintiff's complaints were "very similar" to the locations of which she complained in April of 1985. Dr. Rauchewerk testified that he did not know whether plaintiff's disability was causally related to some traumatic event "like a sudden fall," but he admitted that it was "a possibility."
On January 25, 1988, plaintiff went to see Dr. Llewellyn with complaints of low back pain and pain in her right buttock and right leg. In giving her medical history, she indicated that she had fallen at Riverview in August of 1986. However, plaintiff denied ever having complaints of right leg pain or low back pain prior to that fall. She also denied ever being treated for such symptoms. In making his report, Dr. Llewellyn relied on this information in concluding that plaintiff's condition was caused by the fall at Riverview. Dr. Llewellyn testified that plaintiff's complaints to Dr. Rauchewerk in 1984 and 1985 were the same type of complaints that she had been presenting to him since her first visit.
A review of the medical testimony reveals that plaintiff was experiencing low back pain and right leg pain prior to her fall at Riverview in August of 1986. Therefore, defendants' evidence was sufficient to rebut the presumption that plaintiff's disability was caused by her employment accident.
After reviewing the record, we find that the evidence shows only some possibility that the work-related accident produced plaintiff's disability. Therefore, in the light of the record reviewed in its entirety, the trial court was reasonable in finding that plaintiff's disability was not causally related to her work-related accident. See Patterson v. GNB Battery, Inc., 569 So.2d at 643. Accordingly, we cannot say that the trial court was manifestly erroneous.

PENALTIES
Plaintiff claims that Riverview should be assessed with a 12% penalty and attorney's fees for arbitrarily and capriciously refusing to pay her workers' compensation benefits. Furthermore, plaintiff claims that Riverview should be held liable for penalties because she was wrongfully discharged as a result of her filing the instant workers' compensation suit.
Under the facts of the case, the trial judge was not manifestly erroneous in denying plaintiff's claims for penalties and attorney's fees. Defendant had sufficient factual and medical information to reasonably counter the factual and medical information presented by plaintiff. Therefore, an award of penalties and attorney's fees as set forth in LSA-R.S. 23:1201 E are not proper in this case. See Woolsey v. Cotton Brothers Bakery Co., Inc., 535 So.2d 1119, 1128 (La.App. 2nd Cir.1988), writ denied, 537 So.2d 1168 (La.1989).
Penalties for wrongful discharge are likewise not proper in the instant case. Plaintiff went back to work eight weeks after her accident. After working three days, plaintiff quit her job because her supervisor cut her hours and told her she would have to work the night shift.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff alleged that she was wrongfully discharged as a result of her filing the instant suit for workers' compensation benefits and for making a claim for benefits prior to the suit.
[2] This sum represented additional medical expenses incurred by plaintiff, which Riverview refused to pay.
[3] Riverview did not appeal or file an answer to plaintiff's appeal.