^LeBLANC, Judge.
This appeal is from a judgment of the Officer of Workers’ Compensation finding Tammy Romero, claimant, was injured in the course and scope of her employment; finding she is temporarily totally disabled; awarding treatment at the employer’s expense; and assigning all costs to the employer.
FACTS
On July 14, 1991, Tammy Romero slipped on a wet floor while working at Western Sizzlin. She twisted her right arm and back, hit her head on a brick wall, was dazed, and complained of an immediate headache. She was seen by Dr. Brian J. Matherne, a family practitioner, who prescribed medication and physical therapy. Dr. Matherne referred Mrs. Romero to Dr. Donald J. Judiee, a neurosurgeon, who also prescribed medication and physical therapy; however Mrs. Romero continued to experience headaches. She was then treated by Dr. Kenneth A. Gaddis, a neurologist, for her headaches.
Mrs. Romero attempted to return to work in November, 1991, as a cashier but experienced difficulty with her memory. In February, 1992, she began medical care with Dr. Gaddis again; her chief complaints were neck and upper back pain and stiffness, headaches, and insomnia. Because her pain did not respond to medication and therapy, Dr. Gaddis recommended a neuropsychological evaluation. In addition, Mrs. Romero was involved in two separate automobile accidents, one in April, 1992, and suffered a “whiplash” type injury, and another in March, 1993. The neuropsychological evaluation was performed in April, 1993, and recommendations from the evaluating psychologists included psychiatric referral and therapy-
Workers’ compensation benefits were paid to Mrs. Romero from July, 1991 through October, 1991; and, from February until May, 1992. Mrs. Romero claims compensation benefits were wrongfully terminated and that she is in need of further medical care and treatment.
After a trial, the Hearing Officer found in favor of Mrs. Romero and Western Sizzlin appealed. In its brief, Western Sizzlin argues the parties, before trial, entered 13into a stipulation limiting the issues before the trial court, and that the Hearing Officer misinterpreted this stipulation. As a result, Western Sizzlin contends the Hearing Officer erred.
DISCUSSION
At the beginning of the trial in this matter, the record indicates the following exchange took place:
Mr. Gee [counsel for Western Sizzlin]:
[W]e have entered into some stipulations which we would like to enter....
[[Image here]]
Mr. Gee:
We’ve agreed to stipulate to the accident, and it resulted in an injury. We’re not — certainly not stipulating to the duration of the injury. That’s the main issue that we’re here on today. We stipulate to course and scope of employment....
[[Image here]]
Mr. Gee:
Average weekly wage has been stipulated to....
[[Image here]]
Mr. Gee:
We have stipulated to the admissibility and authenticity of all medical reports introduced just by reports.
And I believe we have also stipulated that the psychological injury is not a real issue. We are concerned primarily with— or only with the physical injuries of the Claimant.
Mr. Gurley [counsel for Tammy Romero]:
So stipulated by Tammy Romero, Your Honor.
*13 The judgment rendered in this matter contained the following language:
Court was opened in routine fashion. There were no motions. Several stipulations were agreed upon by counsel and these were dictated into the record. These were: ... 6) the fact that there was a psychological injury is not at issue.
|4Western Sizzlin argues the Hearing Officer misinterpreted the stipulation, that the parties limited the issues of the trial to the physical condition of the claimant and, therefore, the Hearing Officer erred in his ruling concerning Mrs. Romero’s psychological condition. We do not agree. The stipulation can clearly be read to concede the existence of Mrs. Romero’s psychological injuries and to limit the issue before the court to Tammy Romero’s physical injuries.
After a complete reading of the stipulations offered by counsel for Western Sizzlin, it is evident to this court the stipulation at issue in this appeal was to the fact of Mrs. Romero’s psychological injury; that the contested issue was her physical injury. The entirety of the record supports this reading. Claimant’s evidence includes numerous entries by Mrs. Romero’s treating physicians and other consulting physicians concerning her psychological problems. Of particular note is a 22-page psychological report on Tammy Romero, prepared after a complete psychological evaluation was made. The report was offered by Mrs. Romero and accepted by the court without any objection by Western Sizzlin. During cross-examination of Tammy Romero, this same report was also introduced by counsel for Western Sizzlin, and was, for a second time, accepted into evidence by the court. In addition, at the beginning of the trial in this matter, both the admissibility and authenticity of this medical report was stipulated by counsel for Western Sizzlin.
In response to this argument, counsel for claimant vigorously denies the interpretation offered by Western Sizzlin. Moreover, the record and evidence indicate the claimant steadfastly asserted her claim for psychological injury. Much of the testimony offered by Mrs. Romero concerned her psychological symptoms, including her memory loss, confusion, and attempted suicide.
There is no evidence in this record to support the assertion by counsel for Western Sizzlin, that Tammy Romero waived her claim for her psychological injury. In addition, applying the manifest error standard of review to the factual determinations of the Hearing Officer, we find the trial court’s finding of temporary [ ¡¡total disability is supported by the evidence. Kennedy v. Security Indus. Ins. Co., 623 So.2d 174, 175 (La. App. 1st Cir.), writ denied, 629 So.2d 389 (1993).
Tammy Romero also appealed the judgment, asserting the Hearing Officer erred in finding her back condition was not related to the work accident of July 14,1991, and in failing to award benefits for October 30, 1991, through February 10, 1992, and from May 7, 1992 until present.
A workers’ compensation claimant has the burden of proving his claim even though the Louisiana Workers’ Compensation Act, La.R.S. 23:1021 et seq., is to be construed liberally in favor of the claimant. Martin v. Riverview Medical Center, 618 So.2d 1014, 1016-1017 (La.App. 1st Cir.), writ denied 623 So.2d 1333 (La.1993). The claimant must establish his disability and its causal relation with his employment accident by a preponderance of the evidence. Walton v. Normandy Village Association, Inc., 475 So.2d 320, 324 (La.1985). If the hearing officer’s findings are reasonable in the light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Martin, 618 So.2d at 1017.
In the instant case, the judgment ordered “any remaining complaints concerning [Mrs.] Romero’s cervical or lumbar spine are the result of subsequent accidents, and are not causally connected to the accident at Western Sizzlin on July 14, 1991”. Mrs. Romero maintains her back injury is a result of the work place accident, not the subsequent automobile accidents. Included in the record are a diagnosis of fibromyositis (chronic inflam *14 mation of the back muscular tissue) by her treating physician in February, 1992, along with an emergency room record of February 10, 1992, documenting Tammy’s low back pain complaint before any subsequent automobile accident and attributing the back pain to her work injury. In addition, there is documentation by Mrs. Romero’s physical therapist and neurosurgeon of her low back and lumbar spine pain which was attributed to the July, 14, 1991 work place fall.
| (¡However, the record also contains evidence and testimony of the resolution of Mrs. Romero’s back and neck pain immediately before the April, 1992 automobile accident. Mrs. Romero testified, and the physician’s report supports, she was improved and released from the care of her neurosurgeon. In addition, Mrs. Romero testified that, as a result of the automobile accident, her neck “you know, restarted because that wasn’t hurting. That wasn’t bothering me anymore from the fall.”
When there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880, 882-83 (La.1993). In the present case, we cannot say the fact finder’s choice was manifestly erroneous or clearly wrong.
The second issue raised by Mrs. Romero is whether the hearing officer erred in awarding Mrs. Romero temporary total disability based on her psychological condition but ordering the award only from the date of the psychological report. The report established Mrs. Romero’s psychological disability was present at the time of evaluation; however, the record does not identify specifics concerning Mrs. Romero’s psychological disability immediately after the work place accident. It is quite reasonable that Mrs. Romero’s psychological injuries did not result in her total disability immediately; that they became disabling at a later point. Psychological problems may manifest themselves at one point and become disabling at another. The hearing officer’s finding of psychological disability as of the date of Mrs. Romero’s psychological evaluation is not manifestly erroneous.
Accordingly, the judgment is affirmed at Western Sizzlin’s cost.
AFFIRMED.