669 So.2d 603 (1996)
Samuel T. BAZAR
v.
Charlie HULL or Martha Hull.
No. 95 CA 1427.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*604 J. Michael Stiltner, Baton Rouge, for Defendant-Appellant/Appellee Charlie Hull or Martha Hull.
Steven Patrick Monaghan, Baton Rouge, for Plaintiff-Appellee/Appellant Samuel T. Bazar.
Before WATKINS, FOIL, and TANNER,[2] JJ.
WATKINS, Judge.
This is a workers' compensation case in which both the employer and the employee have appealed. The employer, Martha Hull, appeals the hearing officer's judgment in favor of the employee, ordering compensation payments for a period of 12 weeks, payment of medical expenses, and payment of penalties and attorney's fees for arbitrary and capricious refusal to pay the claim. The employee, Samuel T. Bazar, appeals seeking additional attorney's fees for representation by counsel on appeal.
Whether or not a claimant suffered a disability is a question of fact to be determined by the hearing officer. If the hearing officer's decision is based upon a reasonable evaluation of credibility, and if there is evidence before the hearing officer that furnishes a reasonable factual basis for such a finding, the hearing officer's determination of facts should not be disturbed on appeal. Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3d Cir.1991), writ denied, 593 So.2d 381 (La.1992). The factual finding regarding whether a worker's compensation claimant has met his burden of proving disability should be given great weight and should not be overturned on appeal absent manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Alfred v. Mid-South Machine, Inc., 594 So.2d 937 (La.App. 3d Cir.1992).
We have examined the record and find that the evidence presented by the two parties conflicts, especially regarding the date on which the employee broke his finger. However, the claimant's testimony of when and how the accident occurred was corroborated by the testimony of his fellow worker. Because of the conflict in the testimony, the resolution of which required a credibility call by the hearing officer, we are unable to find manifest error in the finding that the claimant proved he sustained a work-related accident.
Whether the refusal to pay benefits warrants the imposition of penalties and attorney's fees is also a factual question which will not be disturbed on appeal in the absence of manifest error. Johnson v. Vinson Guard Service, Inc., 92-2187, p. 3. (La.App. 1st Cir. 3/11/94); 636 So.2d 914, 916. In the instant case, we find no error in the hearing officer's determination that the employer did not have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. See Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990).
Finally, because there is no merit to any of the employer's challenges to the judgment of the hearing officer, we find it appropriate to amend the judgment to order the employer *605 to pay additional attorney's fees in the amount of $2,000.00 for the employee's representation on appeal. Additionally, we cast the defendant, Martha Hull, with costs of this appeal.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[2] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.