731 So.2d 493 (1999)
Jerome Milton SHORT
v.
GAYLORD CHEMICAL CORPORATION and CNA Insurance Company.
No. 98 CA 0606.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*495 Dr. Edward A. Robinson, III, Baton Rouge, for PlaintiffAppellee.
Kirk L. Landry, Baton Rouge, for Defendants Appellants Gaylord Chemical Corp. and Continental Casualty Co.
Before: LeBLANC, FOGG, and PARRO, JJ.
FOGG, J.
In this workers' compensation case, the employer raises issues concerning liability and quantum. For the following reasons, we amend the judgment and affirm, as amended.
Jerome Milton Short filed a disputed claim for compensation against his employer, Gaylord Chemical Corporation and its workers' compensation insurer, Continental Casualty Company,[1] seeking workers' compensation benefits for injuries he allegedly suffered due to the emission of nitrogen tetroxide at the Gaylord plant in Bogalusa, Louisiana on or about October 12-25, 1995. He alleged that Gaylord willfully refused to pay benefits, medical expenses, and travel expenses. The claimant sought workers' compensation benefits as well as punitive damages because the employer allegedly ordered him to work in the area of the leak without adequate air respirators or gas masks.
After hearing the matter, the workers' compensation judge found that the claimant is temporarily, totally disabled and eligible to receive workers' compensation benefits until his condition changes. He also ordered the employer to pay all medical expenses resulting from the claimant's accident, except for hyperbaric treatments. The workers' compensation judge found further that the employer had not acted in an arbitrary and capricious manner in handling this matter. Gaylord and Continental appeal the judgment.
On appeal, they raise several evidentiary issues. Initially, they contend the workers' compensation judge considered evidence that was not part of the record, and therefore, this court should conduct a de novo review of this case. In making this assertion, the appellants refer to a comment made by the workers' compensation judge in his written reasons for judgment wherein he stated, "This case basically is almost identical with [sic] the case of Gurvis Porter which was tried several weeks ago, with one exception." The appellants assert that this comment indicates that the workers' compensation judge had pre-decided Short's case as a result of the trial of the other matter.
*496 It is clear from the record that the workers' compensation judge who presided over this matter also heard the case of Gurvis Porter v. Gaylord, which resulted from the same accident. These two cases are apparently similar as counsel for the appellants mentioned the Porter case at the beginning of the trial, describing it as the companion case to the present case. However, after a thorough review, we find nothing in the record to support the appellants' assertion that the workers' compensation judge considered evidence from the other case, and the appellants have referred this court to no such evidence. We find no error on behalf of the workers' compensation judge in simply alluding to a situation similar to that of this claimant.
The appellants also contend the workers' compensation judge erred in allowing Dr. Lee Roy Joyner, who testified as a pulmonary specialist on behalf of the claimant, to discuss medical conditions that were outside his field of expertise. The appellants contend the workers' compensation judge erroneously allowed Dr. Joyner to testify over their objection with respect to the claimant's upper nasal injury, neurotoxic type injury, and neurotoxic encephalopathy.
When error is detected, it must be weighed to determine whether such error is harmless or prejudicial. Naquin v. Maryland Cas. Co., 311 So.2d 48 (La. App. 3 Cir.), writ refused, 313 So.2d 598 (La.1975). To the extent the workers' compensation judge may have erred in admitting the above testimony, he committed harmless error, for other proof is in evidence which, standing alone, is sufficient to sustain the judgment. Therefore, we decline to rule on the appropriateness of those portions of Dr. Joyner's opinion testimony.
The appellants also contend the workers' compensation judge erred in allowing Dr. Joyner to testify concerning the effects of hyperbaric treatments on the claimant's respiratory injury. The workers' compensation judge did not order the appellants to pay for those treatments and the appellees did not appeal. Therefore, this issue is moot.
The appellants further contend the workers' compensation judge erred in allowing the report of Thomas F. Schraeger, Ph.D., a toxicologist who saw Short twice, into evidence. The defendants' attorney objected to the admission of the report arguing that it was submitted too late. Counsel for the claimant explained that, although Dr. Schraeger saw the claimant in 1995, he did not produce his report until the day before trial at which time a copy of it was faxed to the appellants' counsel. The workers' compensation judge allowed the report to be placed in evidence over the appellants' objection. On appeal, the appellants assert that "[a]lthough this report is hardly damaging to Defendants' case, they are nevertheless prejudiced by the late production of this document ...."
In deciding whether an appellate court should reverse a judgment based on a trial court's procedural error, the determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case. Sneed v. Satcher, 597 So.2d 1070 (La.App. 2 Cir.1992); Neumeyer v. Terral, 478 So.2d 1281 (La.App. 5 Cir.1985), writ denied, 481 So.2d 631 (La.1986). The party alleging error has the burden of showing the error was prejudicial to his case. American Manufacturers Mut. Ins. Co. v. General Motors Corp., 582 So.2d 934 (La. App. 2 Cir.1991); Neumeyer v. Terral, 478 So.2d at 1285. Herein, the appellants have failed to show a substantial effect on the outcome of this case resulted from this alleged procedural error. Rather, as noted above, the appellants stated in their brief that the admission of the report was "hardly damaging" to their case. That considered, we decline to rule on the admissibility of this evidence.
Having addressed the evidentiary matters raised by the appellants, we will now address their allegation that the determination *497 of the workers' compensation judge that Short is temporarily, totally disabled is clearly wrong and unsupported by the medical and lay evidence introduced at the trial.
LSA-R.S. 23:1221(1)(c) provides that temporary, total disability compensation "shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage is any employment or self-employment, regardless of the nature of the employment or self-employment ...." A claimant is entitled to temporary, total disability benefits if he shows that he is disabled at the time of trial and is still undergoing medical testing with an indefinite period of recovery, even if it appears reasonably certain he will be able to engage in a gainful occupation within a foreseeable period. Gordon v. Sandersons Farms, 96-1587 (La.App. 1 Cir. 5/9/97); 693 So.2d 1279.
Great weight must be given to the factual finding regarding whether a workers' compensation claimant has met his burden of proving disability; that factual finding will not be disturbed on appeal absent manifest error. Bazar v. Hull, 95-1427 (La.App. 1 Cir. 2/23/96); 669 So.2d 603. If there is clear and convincing evidence before the workers' compensation judge that furnishes a reasonable factual basis for such a finding, the workers' compensation judge's determination of facts will not be overturned on appeal. Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on appeal. Bazar, 95-1427 at p. 2; 669 So.2d at 604.
In the instant case, on October 12, 1995, a tank car located at the Gaylord facility began leaking nitrogen tetroxide. For almost two weeks, Short, who was employed as a chemical plant operator for Gaylord at the time, assisted in efforts to contain the leak while working the 6 a.m. to 6 p.m. shift. These attempts were not completely successful and, on October 23, 1995 at approximately 4:30 p.m., the tank car exploded, releasing significant quantities of nitrogen tetroxide. Short arrived at the plant at 5 p.m. that day. For the next two days, he worked with no medical attention and no equipment to limit his exposure to the chemicals while the situation was resolved.
At 10 a.m. on the morning of October the 25th, immediately after the leak was secured, Short's supervisor sent him to the company clinic. At the clinic, he was examined by Dr. Eileen Ballard, who admitted him into the hospital and referred him to Dr. Joyner for a consultation.
Short returned to work in February of 1996 but was laid off a few weeks later due to Gaylord's concerns about his health and the safety of the work environment. Gaylord paid Short workers' compensation benefits from October 1995 until the end of January 1996, just before he returned to work. Gaylord did not resume payments once Short was laid off.
At trial, Dr. Joyner testified that, upon admission to the hospital after the accident, Short underwent numerous tests. These revealed that his lung capacity and blood gases were substantially abnormal. Short was treated with an IV high-dose of cortisone, and nebulized bronchodilators for lung congestion and wheezing. He also underwent a bronchoscope.
The bronchoscope showed a diffuse red inflammation starting with the upper airway just below the vocal cords and extending the entire distance of the visible major and smaller bronchial tubes. The reddening or burning existed from the trachea to all visible areas. Biopsies of the bronchial lining were submitted. The results showed that the cells lining the bronchial area were sloughed off and denuded, and there was increased swelling and inflammation in the deeper parts of the bronchial lining affecting the area from which a new bronchial lining has to be regenerated. *498 Dr. Joyner opined that it was a classic biopsy for injury from an irritant chemical.
He stated that with this condition two things can happen: (1) if the damage is not deep enough to be permanent, after three to four months the patient is back to normal; or (2) if the damage is deep and extensive enough, the condition will not heal completely, and the patient will have a chronic asthma-like condition referred to as RADS, reactive airways dysfunction. If the patient continues to have infections and asthma symptoms for six months, then it is very likely a permanent condition. When examined two years after his exposure, Short still had symptoms; therefore, he was diagnosed with RADS. Dr. Joyner testified that this injury is substantial. He stated that this condition is now permanent and evidences a classic injury from inhalation of nitrogen tetroxide.
Although the testing was not complete at the time of trial, Dr. Joyner expressed concern that Short has developed destructive sleep apnea. Dr. Henry Jackson, a pulmonologist, also diagnosed fibrosis of the lung, which is a scarring of the lung itself, not the bronchial tubes.
Dr. Harold Ginzburg specializes in psychiatry and first saw Short on July 25, 1996. He testified by deposition that the claimant suffers from nightmares, dizzy spells, headaches and memory problems. He is depressed and suffers from a high degree of stress. He diagnosed Short with personality changes due to the work-related chemical exposure and major depressive episodes, which are reactive in nature and severe.
Dr. Ginzburg testified that Short is taking a number of psychotropic medications, which are prescribed for psychiatric and neurological disease, as well as pain medications, which are prescribed by other physicians. These medications impair an individual's ability to work around machinery or operate motor vehicles safely. Dr. Ginzburg stated that, as long as Short is on these medications, he is not fit to be in some workplaces because he may be a danger to himself and others. He also testified that Short is totally disabled because he lacks the ability to concentrate, focus, pay attention to detail, and have a functional short-term memory.
In Dr. Joyner's opinion, Short's condition was "absolutely caused" by the incident. Dr. Joyner opined that Short is unable to work and is disabled because of his pulmonary problems. Dr. Ginzburg testified that, based on Short's psychological picture, he cannot work at this time; however, he may be able to work in the future.
The medical testimony and lay testimony provide clear and convincing evidence of a reasonable factual basis for the workers' compensation judge's finding that the claimant is entitled to temporary, total disability benefits. Moreover, we find no manifest error in this determination.
Next, the appellants assert that the workers' compensation judge manifestly erred is failing to find that the claimant forfeited his right to workers' compensation benefits by making false statements and representations for the purpose of obtaining workers' compensation benefits. LSA-R.S. 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
. . . .
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
In asserting that the claimant forfeited his entitlement to benefits under this statute, the appellants refer this court to the testimony of their private investigator, Darrell Mittelstaedt, regarding video surveillance *499 of the claimant. Mittelstaedt testified that he conducted surveillance on Short for approximately twelve hours over a two-day period approximately one month before the trial of this matter. On September 25, 1997, he observed and videotaped Short puffing on what he testified was a cigarette.
Since his injury, Short told various physicians that he had not smoked in many years. He also testified at trial that he had not smoked in several years. He admitted to taking two puffs on the day of the surveillance from a cigar given to him by a friend in honor of a birth, but stated that he did not inhale. With respect to this issue, the judge stated the following in his written reasons for judgment:
The claimant in his rebuttal testimony explained that a friend who had a baby gave him a cigar and that he lit it up and took two puffs and through [sic] it away. There is no evidence in the record that this is not true. The statute states that in order for a lie or false statement to cause benefits to cease, "they must be made for the purpose of obtaining or defeating any benefit of [sic] payment under the provisions of this Chapter ____."
The claimant did not make false statements for the purpose of obtaining his benefits. These statements may have somewhat amended the doctor's findings, but they did not negate or erase the findings of the injury to the claimant's lungs, bronchial tubes and air passages. It has to be concluded from all of the evidence that claimant was injured as a result of the chemical explosion and is still temporarily, totally disabled as a result. (Footnote omitted.)
LSA-R.S. 23:1208 requires (1) a false statement or representation, (2) made willfully and deliberately, and (3) made for the purpose of obtaining workers' compensation benefits. This broadly worded statute encompasses such statements made to anyone, including the employer, physicians or insurer. Resweber v. Haroil Constr. Co., 94-2708 (La.9/5/95); 660 So.2d 7. All three requirements must be met before a claimant can be penalized. Carver v. U.S. Copy, Inc., 96-611 (La.App. 5 Cir. 3/25/97); 694 So.2d 423, writ denied, 97-1507 (La.9/26/97); 701 So.2d 986.
Our review of the record reveals no manifest error in the workers' compensation judge's determination that recovery is not precluded by LSA-R.S. 23:1208. We find no evidence which would compel a finding that the claimant made false statements in order to procure workers' compensation benefits. Instead, the claimant testified that he only took two puffs of the cigar. While this statement conflicts with that of the private investigator, the workers' compensation judge found the claimant's testimony to be credible. Furthermore, the workers' compensation judge clearly believed the claimant's testimony concerning his smoking habits; that testimony was amply supported by the record. When considering such factual determinations, the appellate court must review the matter under the manifest error or clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706.
Finally, the appellants correctly note, and the appellee concedes, that the workers' compensation judge erroneously omitted from his judgment an offset for social security benefits being received by the claimant. LSA-R.S. 23:1225 provides for the reduction of an employee's workers' compensation benefits when other designated benefits are payable to the employee. In Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95); 660 So.2d 841, the Louisiana Supreme Court stated that section C of that statute applies to those receiving disability benefits under the Social Security Act and workers' compensation benefits in the form of temporary total benefits. However, given the lack of evidence in the record for a determination of the amount of the offset, we will remand for that determination.
*500 For the foregoing reasons, the judgment is amended to grant Gaylord and Continental Casualty Company a social security offset. In all other respects, the judgment is affirmed. This case is remanded to the Office of Workers' Compensation for computation of the offset. Costs are to be shared equally by the appellants and the appellee.
AMENDED; AFFIRMED, AS AMENDED; AND REMANDED.
NOTES
[1] In his disputed claim form, Short erroneously identified Gaylord's workers' compensation insurer as CNA Insurance Company.