DOUCET, Chief Judge.
The Plaintiff, Caroline Sonnier, appeals a jury verdict dismissing her claims against the Defendants. Ms. Sonnier argues that certain evidentiary rulings made by the trial court constitute reversible error.
On January 30, 1998, Ms. Sonnier took her grandchild to the Children’s Clinic North. As she walked in the direction of the reception desk, she fell off the edge of a step-down to a lower area of floor used as a children’s play area. She filed this suit claiming damages for injury to her neck, right knee and left foot and alleging that the play area created an unreasonable risk of harm. The case was tried to a jury. The jury, in its answer to the jury interrogatory, found that the play area did not create an unreasonable risk of harm. Ms. Sonnier appeals complaining of two of the trial court’s evidentiary rulings.
IMPEACHMENT EVIDENCE
Ms. Sonnier first argues that the trial court erred in disallowing the introduction of the Plaintiffs interrogatories addressed to the Defendants, Drs. Thomas Jones and Gregory Glowacki, d/b/a Chil *791 dren’s Clinic North. The Plaintiff argues that she should have been allowed to introduce the answers to interrogatories to rebut and/or impeach the testimony of Dr. Glowacki’s insurance clerk, Linda Palmer with regard to discrepancies between her testimony and the answers to interrogatories given by Drs. Glowacki and Jones.
The doctors, in their answers to the Plaintiffs interrogatories indicated that they did not know “what happened other than the plaintiff claims to have fallen in the waiting room of Children’s Clinic. The sunken area in question was readily observable. The defendants contend that, if the plaintiff fell as alleged, then it was the result of her own negligence.” At trial, Ms. Palmer, insurance clerk for Dr. laGlowacki, testified that she saw Ms. Son-nier on the day of the accident. She testified that Ms. Sonnier seemed lost and that “It was like she was delirious and she didn’t know what to do.” She further testified that, when she heard someone had fallen, her instinct was that it was Ms. Sonnier.
Ms. Sonnier argues that, since Ms. Palmer’s testimony contradicts the doctor’s answers to interrogatories, she should be allowed to introduce the interrogatories into evidence in rebuttal and/or for impeachment purposes. This argument seems to be based on an assumption that Ms. Palmer, as an employee, speaks for and/or stands in the shoes of the doctor-Defendants when she testifies and that her knowledge and theirs is one and the same. This is not the case. The interrogatories addressed the doctors’ personal knowledge of the situation not that of employees who may have been witnesses. If Ms. Sonnier wished to introduce the doctors’ answers to interrogatories, she should have laid a proper foundation for so doing by questioning one or both of the doctors about the interrogatories during their testimony.. While Dr. Glowacki testified only by deposition, Dr. Jones testified at trial. Counsel for the Plaintiff made no attempt to question him with regard to the answers to interrogatories. Therefore, the trial court correctly disallowed the introduction of the interrogatories. As the court stated in another case which dealt with interrogatories used for impeachment or rebuttal of a doctor’s testimony:
LSA-C.C.P. Art. 1459 provides that answers to interrogatories may be used at trial to the extent permitted by the rules of evidence. As these interrogatories were, in effect, offered for the purpose of attacking the credibility of or impeaching these physicians the provisions of Article 613 of the Code of Evidence are applicable. Article 613 provides as follows:
Except as the interests of justice otherwise require, extrinsic evidence of bias, interest, or corruption, prior inconsistent | ¿statements, conviction of crime, or defects of capacity is admissible after the proponent has first fairly directed the witness’ attention to the statement, act, or matter alleged, and the witness has been given the opportunity to admit the fact and has failed distinctly to do so.
The comments to this article state that its directives relative to prior inconsistent statements apply regardless of whether the prior statement was oral, written or in deposition form. It appears clear that this article is applicable to answers to interrogatories. Therefore, plaintiffs first had to comply with the foundation requirements of Article 613 of the Code of Evidence before they could use these answers. The record does not reflect that such a foundation was laid and thus the trial court did not err in excluding these answers from evidence. This court has recently reached *792 a similar conclusion with the regard to the admissibility of deposition testimony at trial for the purpose of impeachment. See Robledo v. Orr Motors of Louisiana, Inc., 582 So.2d 892 (La.App. 2d Cir.1991), wherein we affirmed the trial court’s exclusion of plaintiffs deposition from evidence because of defendant’s failure to lay a proper foundation under Article 613 of the Code of Evidence.
Plaintiffs’ argument in brief that these answers to interrogatories by Drs. Dzu-rik and Wedgeworth were to rebut the coroner’s testimony and to discredit the opinion of the medical review panel is also without merit. If this was the purpose then plaintiffs should have pursued this intent when Drs. Wedgeworth and Dzurik testified or should have called these physicians back for further testimony on that issue. Then with a proper foundation the answers could have been introduced for impeachment. The best evidence to attack the opinion of the coroner and review panel would have been the testimony of the witnesses. Otherwise because these answers to interrogatories were offered in rebuttal no explanation would have been available.
Gibson v. Bossier City General Hosp., 594 So.2d 1332, 1344-45 (La.App. 2 Cir.1991).
As happened in Gibson, Ms. Sonnier failed to lay a proper foundation for the introduction of the interrogatories. Accordingly, we find no error in the trial court’s ruling in this regard.
J^NOTES/ACCIDENT REPORT
The Plaintiff next argues that the trial court erred in admitting into evidence certain notes taken by Charlene Smith, a nurse employed by Dr. Jones. The Plaintiff characterizes the notes as an accident report. Plaintiffs counsel objected, in an unrecorded bench conference, to them being entered into evidence. She now argues that it should not have been admitted since the Defendants failed to produce it in response to her discovery requests for accident reports.
However, if the trial court erred in admitting this report, the error was harmless.
In deciding whether an appellate court should reverse a judgment based on a trial court’s procedural error, the determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case. The party alleging error has the burden of showing the error was prejudicial to his case. Herein, the appellants have failed to show a substantial effect on the outcome of this case resulted from this alleged procedural error.
Short v. Gaylord Chemical Corp., 98-0606, pp. 4-5 (La.App. 1 Cir. 4/1/99); 731 So.2d 493, 496 (citations omitted).
The Plaintiff herein has not shown that the error, if any, was prejudicial to her case. In this case, the jury determined that the bi-level floor surface was not an unreasonably dangerous condition. In light of this, we find that Ms. Smith’s testimony and notes with regard to the treatment given to Ms. Sonnier by Dr. Jones did not have a substantial effect on the outcome of the case. Therefore, we will not reverse the jury’s verdict on this basis.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Plaintiff/Appellant.
AFFIRMED.