J^CIACCIO, J.
This appeal arises from an Office of Workers’ Compensation (OWC) judgment which found that Barbara Weston, the claimant, did not violate the provisions of Louisiana Revised Statute 23:1208 which penalizes a claimant who makes a willful false statement or representation for the purpose of obtaining compensation benefits. Ms. Weston appeals the OWC’s failure to award reasonable attorney fees as provided by Revised Statute 23:1201.2. Her employer, Wal-Mart Stores, Inc., answered the appeal and asserts that the OWC erred in finding that Ms. Weston did not make a false representation. We affirm the judgment.
FACTS
In October 1999, Barbara Weston injured her back while in the course and scope of her employment with Wal-Mart Stores, Inc. in Slidell, Louisiana. Prior to the accident, Ms. Weston was employed as a maintenance worker; however, she was placed on light duty after her injury and was reassigned as a “door greeter.” She did not request compensation benefits, but Wal-Mart did pay her medical expenses.
Subsequently, in May 2000, Ms. Weston re-injured her back, again in the course and scope of her employment, while collecting shopping carts in Wal-Mart’s park *589 ing lot. After an investigation of the matter, Wal-Mart ceased all payments of Ms. Weston’s medical expenses.
Ms. Weston filed a disputed workers’ compensation form in June 2000. She contended that Wal-Mart erroneously ceased paying her medical expenses, for she had not been released from her physician nor completed ■ her physical therapy. Wal-Mart answered the claim disputing Ms. Weston’s assertions. It also filed a recon-ventional demand contending Ms. Weston suffered an intervening accident on January 22, 2000 at the Jitney Jungle Grocery Store in Slidell, Louisiana. Wal-Mart asserted that she injured her back at that time as well. Wal-Mart further maintained when its claim’s case manager, Laura Garrison, investigated the matter, Ms. Weston denied being involved in any other accidents. Wal-Mart argued that Ms. Weston’s denial of the January 2000 accident should have been considered a willfully false statement within the meaning of Louisiana Revised Statute 23:1208 thereby causing her to forfeit all compensation benefits.
laThe matter went before the OWC whereby the parties stipulated that the sole dispute regarded whether Ms. Weston made a willful misrepresentation as defined under Revised Statute 23:1208. The OWC found that Ms. Weston had not made a “misrepresentation to [Wal-Mart] or its employees or agents which would disqualify her from the receipt of further compensation benefits for her work-related accidents of October 7, 1999 and May 10, 2000 under LSA-R.S. 23:1208.” Ms. Weston appeals, contending the OWC erred in failing to award her reasonable attorney fees as requested under Revised Statute 23:1201.2.
ATTORNEY FEES
Ms. Weston contends the OWC committed manifest error in failing to award her reasonable attorney fees. She argues that her successful reinstatement of compensation benefits should entitle her to reasonable attorney fees under Revised Statute 23:1201.2. Ms. Weston explains that the judgment is silent on the issue of awarding attorney fees neither denying or awarding them. Due to the lack of written reasons for judgment, Ms. Weston explains that she does not have any indication whether the OWC’s silence is an oversight .or the intent to deny the award. However, Ms. Weston states that she assumes the OWC rejected this relief based upon the judgment. She contends that her counsel submitted documentation of 47.5 hours of work towards her case. She further asserts the attorney fees for this work should have been awarded.
Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract.[2] Statutes allowing the recovery of attorney fees and penalties are penal in nature and must be strictly construed.[3] Whether the refusal to pay compensation benefits or the discontinuation of those benefits warrants the imposition of penalties and attorney fees is a factual question which will not be disturbed upon review in the absence of manifest error.[4]
*590 An employer or insurer who discontinues payment of claims due under the workers’ compensation statute, when such discontinuance is found to be arbitrary, ^capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.[5] A determination of whether a denial of compensation benefits is arbitrary, capricious, or without probable cause depends primarily on the facts existing and known at the time that benefits are denied, not facts that come to light subsequently.[6] The realistic standard for making this determination is whether there was a “reasonable” basis for a dispute as to the employee’s entitlement to benefits.[7]
The OWC’s judgment was silent regarding attorney fees and whether Wal-Mart was arbitrary and capricious in discontinuing Ms. Weston’s benefits. After a review of the record, we find there was a reasonable basis for the dispute regarding Ms. Weston’s entitlement to benefits; accordingly, Wal-Mart was not arbitrary or capricious in discontinuing payment of her medical expenses.
Laura Garrison, an investigating adjuster for Claims Management, Incorporated,[8] testified at her deposition that she was the investigator for this matter. Ms. Garrison testified that she began investigating Ms. Weston’s current claim in April 2000. She explained that prior to this claim, Ms. Weston had previously injured her back while employed with Wal-Mart in October 1999 and was still receiving treatment at the time of the investigation. Ms. Garrison received a report from Index Bureau[9] that Ms. Weston had previously filed a claim with a local grocery store, Jitney Jungle, for an accident where she injured her back in January 2000. Ms. Garrison indicated that she had a telephone interview with Ms. Weston on May 17, 2000 during which Ms. Weston failed to inform Ms. Garrison of the January 2000 accident. She further explained that Ms. Weston failed to inform any of her treating physicians about her injury as well. Based upon this information she determined that Ms. Weston had misrepresented herself.
While the OWC found that Ms. Weston did not make willful misstatements to her employer, such a finding is not equivalent to finding her employer was arbitrary and capricious in denying her compensation benefits. After a thorough review of the record, we find Wal-Mart was not arbitrary or capricious in terminating Ms. Weston’s benefits, Land there was a reasonable basis for its termination of benefits. Accordingly, we cannot say that the OWC was clearly wrong in denying attorney fees. This assignment of error lacks merit.
FALSE STATEMENTS
Wal-Mart answered the appeal and asserts the trial court erred in failing to find that Ms. Weston made willful misrepresentations of fact for the purpose of obtaining workers’ compensation benefits as defined under Revised Statute 23:1208. It contends that she failed to notify her treating physician or the investigating claims representative that an intervening *591 injury occurred prior to her May 2000 accident.
Louisiana Revised Statute 23:1208A provides, as follows, “It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” The only requirements for forfeiture of benefits under section 1208 are that: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.[10] The issue of whether an employee forfeited her workers’ compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error.[11]
In May 2000, Ms. Garrison conducted a recorded telephone interview with Ms. Weston regarding the accident. Ms. Garrison asked Ms. Weston if she had any general liability claims pending as a customer, to which Ms. Weston replied, no. Ms. Garrison inquired if Ms. Weston had any motor vehicle accidents. Ms. Weston again answered, no. Finally, Ms. Garrison asked if “other than your back claim with Wal-Mart, you don’t have any other — .” Ms. Weston replied no.
Ms. Garrison received a report from one of Ms. Weston’s treating physicians, Dr. Roch B. Hontas. The correspondence was dated March 10, 2000, and it described treatment Ms. Weston received between the January 2000 accident and the May 2000 accident. Ms. Garrison explained that the document was devoid of any mention of the January 2000 accident. Ms. Garrison indicated based upon this information, she recommended terminating Ms. Weston’s benefits.
awhile Ms. Weston did not voluntarily inform Ms. Garrison that she had an intervening accident in January 2000, based upon the statements in the interview, Ms. Weston did not willfully give a false statement. At the hearing, Ms. Weston explained that she merely answered the questions Ms. Garrison posed as accurately as she could. Ms. Garrison inquired about additional “claims,” and at the time of. the interview, Ms. Weston did not have a pending claim against Jitney Jungle. Ms. Weston explained that she went to the doctor after the January 2002 fall and submitted the bill to Jitney Jungle as the manager of the store directed her. However, she did not have a “claim” against the grocery store. Therefore, her statements to Ms. Garrison were accurate, and she did not provide false statements. In addition, Ms. Weston may have neglected to inform her doctor of the accident for a similar reason, he did not ask. The OWC judge did not find that these answers amounted to a willful misrepresentation. We cannot say that his finding was clearly wrong. Accordingly, we find no error.
CONCLUSION
For the foregoing reasons, we affirm the OWC’s judgment. Costs are assessed to each party equally.
AFFIRMED.

. Washington v. Lyon’s Specialty Company, 96-0263, p. 8 (La.App. 1 Cir. 11/8/96), 683 So.2d 367, 373; writ denied, 96-2944, (La. 1/31/97), 687 So.2d 408.

. Martin v. H.B. Zachry Company, 424 So.2d 1002, 1008 (La.1982).

.Parfait v. Gulf Island Fabrication, Inc., 97-2104, pp. 16-17 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 24; Augustus v. St. Mary Parish School Board, 95-2498, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1154.

. Parfait, 97-2104 at 16, 733 So.2d at 24.

. Parfait, 97-2104 at 16, 733 So.2d at 24

. Claims Management, Incorporated is a third party administrator that handles claims for Wal-Mart.

. Index Bureau is an independent organization, which houses insurance claims that are filed by individuals.

. Resweber v. Haroil Const. Co., 94-2708, 94-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12 (La.1995).

. Short v. Gaylord Chemical Corporation, 98-0606, p. 10 (La.App. 1 Cir. 4/1/99), 731 So.2d 493, 499.