J^FOGG, J.
In this workers’ compensation case, the salient issue raised on appeal is whether the claimant proved a compensable injury. For the following reasons, we affirm.
Allegedly, on August 5, 1998, while employed as a mechanic by Stranco, Inc., Lance A. Taranto was struck in the face by a falling tailgate. Taranto also asserts his back “went out” on September 22, 1998, while he was working oh a truck. Stranco paid some of Taranto’s medical expenses, but refused to pay disability benefits. Taranto sued Stanco for workers’ compensation benefits. After a trial, the workers’ compensation judge denied his claim. Taranto appeals.
Initially, the claimant asserts the workers’ compensation judge erred in admitting into evidence a videotape of the claimant. On numerous occasions before trial, the claimant propounded interrogatories and requested production of any information or surveillance from the defendant pertaining to this claim. The claimant specifically requested the name, address, and telephone number of any person performing surveillance. The defendant initially denied possessing any such information. However, three months before trial, the defendant supplemented its answers by listing the eight requests by date and inviting the claimant to inspect and copy “documents responsive [to] these interrogatories and requests.” In addition, the defendant informed the claimant that copies would be made upon the payment of expenses. The defendant also amended its pre-trial statement to add videotapes as evidence to be offered at trial.
At trial, the claimant objected to the introduction of the videotape, asserting the defendant had failed to answer the interrogatories and requests for production. The workers’ compensation judge overruled the objection and allowed the introduction of the videotape.
| aLSA-C.C.P. art. 1458 requires each interrogatory to be answered separately. Article 1428 requires a party to seasonably supplement discovery responses. The workers’ compensation judge has great discretion in deciding whether to receive or refuse testimony or evidence objected to on the grounds of failure to abide by the statutory mandate. See Abdon Callais Boat Rentals, Inc. v. La. Power and Light Co., 555 So.2d 568 (La.App. 1 Cir.1989), writ denied, 558 So.2d 583 (La.1990).
When a party has not satisfied the technicality of supplementing responses, the reviewing court can look to the record for a willful or negligent failure to disclose information in determining whether the workers’ compensation judge abused his discretion. Abdon Calíais,-555 So.2d at 576. However, an opponent with actual notice of a witness’s identity cannot wait to object to the testimony until trial *1139 merely for strategic purposes. Likewise, an opponent who received actual notice of the existence of surveillance videotapes cannot, at trial, rely on a technical deficiency to object to their use. If actual notice is acquired within a reasonable time, a party must seek some corrective action or the party will be deemed to have waived the right to object at trial. See Abdon Calíais, 555 So.2d at 576.
Our review of the record reveals no intentional deception by the defendant. Furthermore, the three-month span between the response by the defendant and the trial, in addition to the amended pretrial statement, diminishes the degree of neglect with which the defendant can be charged. Accordingly, we find no abuse by the workers’ compensation judge in admitting into evidence the videotape offered by the defendant.
The claimant also asserts the workers’ compensation judge erred in finding the claimant failed to meet his burden of proving a disability as a result of the August 5 and the September 22 accidents. The factual finding regarding whether a |4workers’ compensation claimant has met his burden of proving a disability should be given great weight and should not be overturned on appeal absent manifest error. Bazar v. Hull, 95-1427 (La.App. 1 Cir. 2/23/96), 669 So.2d 603. Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on appeal. Bazar, 669 So.2d at 604.
At trial, the claimant testified that he reported the falling tailgate incident on August 5 and received medical attention for head, jaw, neck, right arm, and right elbow pain. He returned to work and completed his shift that day.
On September 22, the claimant asserts he felt his back “give” while he was working on a truck. He reported the incident, but no accident report was completed. The claimant left work and received medical attention. ' His chief complaint at that time was lower back pain. Although the claimant returned to work, he was absent from work two of the following three workdays. He resigned from Stranco on October 30,1998.
From November 1998 until August 1999, the claimant worked for K.T. Construction as a truck driver, driving up to 400 miles per day. He worked for Advanced Plumbing from January 2000 until March 2000, performing manual labor. The workers’ compensation judge found the claimant’s subsequent employment and activities discredited his claim of disability resulting from the incidents at Stranco. We cannot say the workers’ compensation judge erred in his finding of no disability.[2]
For the foregoing reasons, we affirm the judgment of the workers’ compensation judge. Costs of this appeal are assessed to Lance A. Taranto.
AFFIRMED.

. Finding no error in the workers' compensation judge's finding that the claimant failed to meet his burden of proving a disability, we pretermit discussion of the judge’s finding concerning the occurrence of the August 5, 1998 accident.