943 So.2d 1110 (2006)
CITY OF COVINGTON
v.
Louis WALKER.
No. 2005 CA 1734.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
*1111 Christopher R. Philipp, Lafayette, Counsel for Plaintiff/Appellant City of Covington.
Ford T. Hardy, Jr., New Orleans, Counsel for Defendant/Appellee Louis Walker.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
In this workers' compensation case, the employer appeals a workers' compensation judge's finding that the employee was totally and permanently disabled. We affirm.

FACTS AND PROCEDURAL HISTORY
Defendant, Louis Walker, sustained a work-related back injury in February 1993 while employed by the City of Covington ("the City"). The City paid Walker's medical expenses associated with the injury, including a June 1993 back surgery, plus indemnity benefits until Walker was able to return to work in October 1993. Walker worked for the City until March 1995, when he resigned for health reasons.[1] After Walker's resignation, the City began paying him Supplemental Earnings Benefits ("SEB").
In July 2003, the City filed a Disputed Claim for Compensation, asserting that:
The employer has paid the employee more than 520 weeks of disability benefits and therefore the employee is not entitled to any additional disability benefits; alternatively, the employee is disabled from working because of an unrelated heart condition; alternatively, the employer is entitled to a credit for the employee's receipt of Social Security disability benefits.
The matter proceeded to trial, after which the Office of Workers' Compensation ("OWC") found that Walker was totally and permanently disabled and thus entitled to receive weekly disability benefits in the amount of $184.99 from the date of judgment and continuing. The City appealed devolutively from this ruling, assigning the following errors:
1. The OWC committed manifest error in finding that Walker was totally and permanently disabled.
2. The OWC committed legal error in determining that Walker was totally and permanently disabled because he could not be retrained.
3. The OWC committed legal error in finding that Walker was totally and permanently disabled, even though he had previously returned to work at his former employment, but was *1112 subsequently disabled by an unrelated medical problem.
Walker answered the appeal, seeking to have this court render judgment ruling that his right to have his medical expenses paid by the City is not prescribed.

DISCUSSION
The issue presented at the trial of this matter was whether Walker was totally and permanently disabled in accordance with La. R.S. 23:1221(2).[2] Prior to adjudicating this issue, the OWC was required to make a determination as to whether there is a reasonable probability that with appropriate training or education Walker might be rehabilitated to the extent that he can achieve suitable gainful employment, and whether it is in his best interests to undertake same. La. R.S. 23:1226(D).
The OWC found Walker to be a very credible, albeit very inarticulate, witness. Walker was sixty years old at the time of trial, had a fourth grade education, and had a long history of previous employment as a laborer. Walker testified that his daily activities consist of visiting with friends and watching television and that he cannot perform any of his previous jobs. The state-appointed independent medical examiner, Dr. Jorge Isaza, considered Walker to be at maximum medical improvement, unable to return to his previous occupation, and lacking the skills necessary for light duty. Dr. Isaza concluded that Walker was completely disabled.[3] The City offered Walker vocational rehabilitation in 1993 and 1994, prior to his return to work; but after his resignation in 1995, no vocational rehabilitation was offered. The OWC found that there is no reasonable possibility of Walker being retrained for any suitable employment. The OWC found Walker to be highly uneducated and difficult to understand, and combining that with his physical condition and the fact that he had been out of the workforce for ten years at the time of trial, found it doubtful that Walker could be competitive in the job market. Based upon this, the OWC believed that vocational rehabilitation would not be in either party's best interests.
Great weight must be given to the court's factual findings regarding whether a workers' compensation claimant has met his burden of proving disability, and that factual finding will not be disturbed on appeal absent manifest error. Bazar v. Hull, 95-1427 (La.App. 1 Cir. 2/23/96), 669 So.2d 603. Where there is clear and convincing evidence before the workers' compensation judge that furnishes a reasonable factual basis for a finding, the workers' compensation judge's finding of facts will not be overturned on appeal. Bazar, 95-1427 at p. 2, 669 So.2d at 604. Where there is a conflict in the testimony, reasonable evaluations of credibility and *1113 reasonable inferences of fact will not be disturbed on appeal. Id.
The evidence in the record amply supports the OWC's findings that: (1) there is no reasonable probability that, with appropriate training or education, Walker might be rehabilitated to the extent he can achieve suitable gainful employment and that it is not in his best interests to undertake such training or education; (2) Walker was totally and permanently disabled under La. R.S. 23:1221(2); and (3) Walker was totally and permanently disabled due to his work-related back injury. While there was some conflict in the evidence, and we might have decided the case differently as trier of fact, we find no manifest error in the OWC's findings.
Regarding Walker's answer to the City's appeal requesting that we rule that his right to have his medical expenses paid by the City is not prescribed, there was no argument in brief concerning this issue, which also was not mentioned at trial, and therefore we will not consider it. La. URCA Rule 2-12.4.

CONCLUSION
The judgment appealed from is affirmed. Costs of this appeal are to be borne by appellant, the City of Covington.
AFFIRMED.
NOTES
[1] The parties disagree as to whether Walker's resignation was due to a heart condition or his prior back injury. The medical records in evidence show that he was being treated for both at the time of his resignation.
[2] Louisiana Revised Statutes 23:1221(2)(c) states that compensation for permanent total disability:

shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
[3] Also in evidence were the records of Dr. Stuart Phillips, an orthopaedic surgeon who evaluated Walker a number of times between March 1995 and June 2001, and Dr. Paul M. Doty, Walker's treating orthopedic surgeon. Both doctors considered Walker disabled from working due to his back injury.