GUIDRY, J.
|2A state agency appeals a decision of the Office of Workers’ Compensation Administration awarding claimant permanent, total disability indemnity benefits, and the claimant answered the appeal seeking an award of medical benefits. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On New Year’s Day 1993, the claimant, Kenneth Tillery, fell down a flight of stairs at the Dixon Correctional Institute in Jackson, Louisiana, where he was employed as a correctional officer. Mr. Till-ery sustained injuries to his head, neck, back, shoulders, arms and legs in the fall. The injury to Mr. Tillery’s head resulted in a total loss of hearing in his left ear, a moderate to severe loss of hearing in his right ear, and persistent symptoms of vertigo. Mr. Tillery also continued to suffer from headaches and other chronic pain stemming from the injury to his neck and shoulder. Because of the nature of his injuries, Mr. Tillery could not perform the duties of his job as a correctional officer. Mr. Tillery has not worked since the date of the accident.
Following the accident, the State of Louisiana, through the Office of the Governor, Division of Administration, Office of Risk Management paid Mr. Tillery temporary total disability and supplemental earnings benefits on behalf of his employer, the Department of Public Safety and Corrections (collectively the “State”), until December 7, 2002, when it terminated the payment of wage benefits. Mr. Tillery, in turn, filed a disputed claim for compensation on January 28, 2003, seeking reinstatement of his wage benefits, a determination of his disability status, penalties and attorney fees.
A hearing on the issues presented in Mr. Tillery’s disputed claim for compensation was set for December 15, 2003. Prior to the hearing, the parties submitted pre-trial statements. Mr. Tillery asserted additional claims for medical | ¡¡benefits and for attorney fees and penalties for the refusal to authorize medical treatment in the pretrial statement he submitted. The hearing was held as scheduled, following which the workers’ compensation judge (WCJ) issued an interlocutory judgment ordering the State to pay an additional four weeks of benefits subject to an offset, attorney fees relative to the nonpayment of the four weeks of benefits, and a reimbursement to Mr. Tillery for certain costs associated with the procurement and repair of his hearing aid. The WCJ also ordered a vocational rehabilitation evaluation be conducted on Mr. Tillery to determine his employability. The matter was then held in abeyance until the completion and submission of the vocational rehabilitation report.
Following the submission of the rehabilitation report, the WCJ held a second hearing on December 8, 2005, wherein it found Mr. Tillery to be permanently, totally disabled and awarded him associated benefits in the amount of $202.79 per week commencing December 7, 2002, the date the State had previously terminated the payment of wage benefits, plus interest. The State appeals from the written judgment signed February 9, 2006.
ASSIGNMENTS OF ERROR
In this appeal, the State contends that the OWC erred in finding that Tillery was permanently and totally disabled on *744 the basis of the availability of employment that Mr. Tillery was capable of performing. Mr. Tillery answered the appeal asserting that the WCJ erred in failing to award him medical benefits for orthopedic treatment for his neck injury; however, because Mr. Tillery failed to present any argument regarding this issue in his brief, we deem his claim abandoned. Uniform Rules, Courts of Appeal, Rules 2-12.4 and 2-12.5. Accordingly, we will confine our review in this appeal to the issues raised by the State.
I ¿DISCUSSION
The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Johnson v. East Baton Rouge Parish School Board, 06-1010, p. 4 (La.App. 1st Cir.3/28/07), 961 So.2d 388, 390.
In order to be awarded compensation for permanent total disability, an employee cannot be engaged in any employment or self-employment and must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment. La. R.S. 23:1221(2). Further, La. R.S. 23:1226(D) requires the WCJ to determine whether there is reasonable probability that with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education before adjudicating an employee permanently and totally disabled.
In her reasons for judgment, the WCJ expressed the following:
The court went back and reviewed the evidence from the last go-round in 2003. In 2003[,] I was convinced that Mr. Till-ery had severe medical limitations and Dr. Clark did feel that he could probably work in some kind of sedentary position. He was the physician that was working most closely with him — or as of the time of that hearing he was the one that had given him the sedentary restrictions....
|sThe reason the court appointed Mr. [Lipinski] was to find out on an educational and an employment level whether with that sedentary restriction he would be employable. The court is convinced that based on Mr. [Lipinski]’s report and Mr. Tillery’s testimony — Mr. [Lipinski] shows that in terms of his psycho-social functioning, he has a hearing loss with chronic pain, he has difficulties with attention and concentration. Frankly, we saw some of that this morning and I would recall some problems in that area in 2003. Mr. Tillery takes some time to turn things around in his mind and give a response. Mr. Mustian [counsel for Mr. Tillery] and myself had to repeat some questions to him. He has some transferable skills; the problem is that the transferable skills that he has — physical skills that he had from his prior employment transfer into skills that he does not have the mental capability for now....
Mr. Beauchamp is certainly correct that Mr. [Lipinski] did a market survey *745 in Greensburg and found that there was absolutely nothing in that area that he can do. I’m not convinced that even if Mr. Tillery lived here in Baton Rouge, which is a much bigger job market, that there would be anyone who would employ him because of his — not just physical limitations, but because of his mental limitations and what the chronic pain has done to his mental abilities as well.
Where there is clear and convincing evidence before the WCJ that furnishes a reasonable factual basis for a finding, the WCJ’s findings of fact will not be overturned on appeal. City of Covington v. Walker, 05-1734, p. 4 (La.App. 1st Cir.9/15/06), 943 So.2d 1110, 1112, writ denied, 06-2458 (La.1/8/07), 948 So.2d 123.
Although the WCJ referred to the lack of availability of jobs in Mr. Tillery’s geographical area, it is clear from reading her reasons for judgment that her findings were not premised on this observation. The record supports the WCJ’s findings that according to the medical evidence, Mr. Tillery is physically capable of engaging in some sedentary employment, but according to the vocational rehabilitation evaluation conducted by Louis Lipinski and her own personal observations of Mr. Tillery, he was not mentally capable, due to his hearing loss and chronic pain, of performing the employment identified as physically meeting his medical restrictions. See Saucier v. Dynasty Transportation, Inc., 01-0847, p. 6 (La.App. 1st Cir.5/10/02), 818 So.2d 943, 947, writ denied, 02-1613 (La.9/30/02), 825 So.2d 1198.
1 fiHence, we find that the evidence presented was sufficient to meet Mr. Tillery’s burden of proving by clear and convincing evidence that he is permanently and totally disabled in accordance with La. R.S. 23:1221(2) and 1226(D).[1] See Comeaux v. City of Crowley, 01-0032, p. 15 (La.7/3/01), 793 So.2d 1215, 1223-1224; Warren v. H & W Steel Erectors, Inc., 569 So.2d 178, 183 (La.App. 1st Cir.1990). Therefore, the WCJ was not clearly wrong in adjudicating Mr. Tillery permanently and totally disabled, and we reject the State’s arguments so alleging.
CONCLUSION
Accordingly, we affirm the February 9, 2006 judgment of the Office of Workers’ Compensation Administration. All costs of this appeal in the amount of $302.50 are assessed to the State of Louisiana through the Office of the Governor, Division of Administration, Office of Risk Management and through the Department of Public Safety and Corrections.
AFFIRMED.

. The record contains a transcript of the December 8, 2005 hearing and the exhibits introduced into evidence at both the December 13, 2003 and the December 8, 2005 hearings, but missing from the record is the transcript of the December 13, 2003 hearing and any oral testimony presented therein. While this matter was pending on appeal, the record was supplemented with an affidavit from the court reporter responsible for transcribing the record stating "that all notes and tapes pertaining to the hearing in the matter held on December 13, 3003 ... were lost in the extensive flooding after Hurricane Katrina in August of 2005.” Although we find the record, based on the available evidence, is sufficient to support the judgment of the WCJ, we also observe that the judgment is entitled to a presumption of correctness where the record contains no transcript of evidence or a narrative of the facts pursuant to La. C.C.P. art. 2131. See Guitreau v. State, Department of Public Safety, License Control and Driver Improvement Division, 94-1191, p. 3 (La.App. 1st Cir.5/5/95), 656 So.2d 28, 29.