# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-129

DENNIS BABINEAUX

VERSUS

LUBA AND DENNIS BABINEAUX
ELECTRICAL SERVICE

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 10-07076
HONORABLE SHARON MORROW,
WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

David R. Bankston
Attorney at Law
2701 Johnston Street, Suite 301
Lafayette, LA 70503
(337) 232-1444
COUNSEL FOR PLAINTIFF-APPELLEE:
    Dennis Babineaux

Christopher R. Philip
Attorney at Law
120 Caillouet Place
Lafayette, LA 70501
(337)235-9478
COUNSEL FOR DEFENDANTS-APPELLANTS:
    LUBA and Dennis Babineaux Electrical Service

**PAINTER, Judge.**

Claimant, Dennis Babineaux, filed a disputed claim for compensation seeking to have his status changed to permanent total disability (PTD). The Workers' Compensation Judge (WCJ) found claimant to be permanently and totally disabled and reinstated his benefits, subject to a reverse offset for amounts he was receiving from Social Security. His claims for penalties and attorney's fees were denied. Defendants, LUBA and Dennis Babineaux Electrical Service, devolutively appealed. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Claimant was a self-employed electrical contractor. He injured his back in the course and scope of his employment on June 14, 2000. He ultimately underwent an anterior cervical decompression and fusion in December of that same year. Claimant was awarded temporary total disability (TTD) benefits from June 1, 2000, through March 28, 2002, and supplemental earnings benefits (SEB) from March 28, 2002. On August 6, 2010, after his demand to LUBA to convert his indemnity benefits to PTD status was denied, Claimant filed a claim seeking additional disability benefits based on his claim that he was permanently and totally disabled and for penalties and attorney's fees for the alleged failure to convert his status or to take any action whatsoever to investigate his condition. Defendants terminated SEB on November 30, 2010. Following trial, the WCJ rendered judgment in favor of Claimant, finding him permanently and totally disabled. In her oral reasons for judgment, the WCJ further found that Claimant had established "by clear and convincing evidence, unaided by any presumption of disability, that he was physically unable to engage in any employment or self-employment regardless of the nature or character of the employment or self-employment." The WCJ also found that Claimant could not be rehabilitated to achieve suitable gainful employment. The WCJ did not award any penalties or attorney's fees to Claimant. A second judgment, which included an order

recognizing Appellant's right to a social security offset, was signed on September 14, 2011. It is from this judgment that Appellant now appeals. Appellant asserts that Claimant did not prove by clear and convincing evidence that he was permanently and totally disabled. After our review of the evidence and the applicable law, we affirm the judgment in favor of Claimant in its entirety.

## DISCUSSION

> The finding of disability within the framework of the workers' compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error.

*Brown v. A M Logging*, 10-1440, pp. 10-11 (La.App. 1 Cir. 8/4/11), 76 So.3d 486, 493, (citing *Tillery v. State, Dep't of Pub. Safety and Corr.*, 07-1228 (La.App. 1 Cir. 2/8/08), 984 So.2d 742).

Moreover, whether or not a claimant has carried his burden of proof and whether the testimony submitted is credible are also questions of fact that must be determined by the trier of fact, and the trier of fact's determinations of these issues are subject to the manifest error standard of review. *Allman v. Washington Parish Police Jury*, 04-600 (La.App. 1 Cir. 3/24/05), 907 So.2d 86.

Since Claimant has not filed an answer to appeal or his own appeal, the WCJ's refusal to award penalties or attorney's fees is not reviewed herein. Furthermore, the entitlement to the reverse offset or the amount thereof is not in dispute. Thus, the only issue before this court is Claimant's disability status.

Pursuant to Louisiana Revised Statutes 23:1221(2)(c), in order to obtain PTD status, the claimant must prove:

> by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while

2

working in any pain, notwithstanding the location or availability of any such employment or self-employment.

In the case now before us, the WCJ found that Claimant met this burden of proof and was totally and permanently disabled. The WCJ based this decision on medical records and deposition testimony of Claimant's treating physicians documenting permanent nerve damage directly related to the work injury and continued severe muscle spasms and on the testimony of Claimant and his wife. The WCJ chose not to rely on the testimony of the vocational rehabilitation specialist, Ted Deshotels, who testified for the defense. The WCJ also noted that the surveillance tapes submitted by the defense did not show any activity inconsistent with Claimant's testimony and that, since the tapes had been made several years ago, they did not show the gradual deterioration of Claimant's condition over time. Under the manifest error standard of review, we must give great deference to the WCJ, who as the fact finder "is in the superior position to assess the demeanor and tone of voice that are crucial to the issue of credibility." *Jones v. Walpole Tire Serv., Inc.*, 38,206, p. 4 (La.App. 2 Cir. 3/3/04), 867 So.2d 927, 931 (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989)).

Claimant has been treating with a pain management specialist, Dr. Matthew Mitchell, since 2004. Dr. Mitchell's records and deposition evidence his opinion that Claimant is permanently and totally disabled. Claimant's chiropractor, Dr. Robert Lejeune, sees him weekly. Dr. Lejeune is also of the opinion that Claimant is fully disabled and will be so disabled for the rest of his life. Dr. Patrick Juneau is the neurosurgeon who performed surgery on Claimant in 2000. It is his opinion that Claimant is permanently and totally disabled from any sort of employment.

Claimant has been receiving epidural steroid injections every three to four months. Claimant testified that sometimes the injections work and that sometimes they do not provide much relief. He testified that the spasms prevent him from

sleeping and that they make it hard for him to do anything. Claimant also uses a muscle stimulator several times a week. He suffers from muscle atrophy and weakness in his left arm and leg. Claimant testified that he has not been employed for wages since his injury in 2000. Claimant's wife, Lydia Babineaux, also testified at trial. She corroborated his testimony concerning the severity and frequency of his muscle spasms.

Mr. Deshotels is the only witness who testified for the defense. He is a vocational rehabilitation specialist who began working with Claimant in May of 2003. It was his opinion that Claimant was capable of performing odd-lot or sheltered employment and that Claimant had the capability and aptitude for retraining for gainful employment. However, Mr. Deshotels did not see Claimant in the period from June 28, 2004 to December, 2010. He also testified that he would defer to the doctors as to any restrictions on employment.

After reviewing the medical records, deposition testimony, and trial testimony, we find no manifest error in the WCJ's ruling that Claimant is permanently and totally disabled.

**DECREE**

For all of the foregoing reasons, the judgment finding Claimant to be permanently and totally disabled is affirmed. All costs of this appeal are assessed to Defendants-Appellants, LUBA and Dennis Babineaux Electrical Service.

**AFFIRMED.**

4