807 So.2d 1199 (2002)
Glen CLAUSEN
v.
D.A.G.G. CONSTRUCTION
No. 2001 CA 0077.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*1201 Michael L. Hebert, Baton Rouge, for Plaintiff-Appellant Glen Clausen.
Stephen W. Brooks, Jr., William G. Tabb, III, Michael E. Holoway, Covington, for Defendant-Appellee Shane LeJuene.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
PARRO, Judge.
In this workers' compensation case, Glenn Clausen (Clausen) appeals the decision of the workers' compensation judge denying his claim for workers' compensation benefits.
The Workers' Compensation Act provides coverage to an employee for personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031(A). An employee must prove the chain of causation required by the workers' compensation statutory scheme as adopted by the legislature. He must establish that the accident was employment-related, the accident caused the injury, and the injury caused the disability. DeGruy v. Pala, Inc., 525 So.2d 1124, 1130 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988).
Initially, a workers' compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987); Borel v. Dynamic Offshore Contractors, 626 So.2d 565, 567 (La.App. 3rd Cir.1993), writ denied, 93-2993 (La.1/28/94), 630 So.2d 801. Once the employee proves the occurrence of a work-related accident, he must next establish proof of a causal connection between the accident and the resulting injury by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Toth v. Ensco Environmental Services, Inc., 546 So.2d 188, 190 (La.App. 1st Cir.), rev'd on other grounds, 551 So.2d 623 (La.1989), writ denied, 551 So.2d 632 (La.1989). Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the workers' compensation judge based on all credible evidence. DeGruy v. Pala, Inc., 525 So.2d at 1132.
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances *1202 following the alleged incident. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). The claimant's testimony may be corroborated by the testimony of fellow workers, spouses, or friends, or by medical evidence. Bruno v. Harbert International, Inc., 593 So.2d at 361.
In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest errorclearly wrong standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556; Smith v. Louisiana Department of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (La.1993). The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary for a finding of manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, through Department of Transportation and Development, 617 So.2d at 882; Morris v. Norco Construction Company, 632 So.2d 332, 335 (La. App. 1st Cir.1993), writ denied, 94-0591 (La.4/22/94), 637 So.2d 163. A workers' compensation judge's determinations as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 17, citing Bruno v. Harbert International Inc., 593 So.2d at 361.
After a thorough review of the evidence presented and considering the credibility determinations obviously made by the workers' compensation judge, we conclude that the record reasonably supports, even in the absence of the evidence questioned by Clausen in his assignments of error, the workers' compensation judge's apparent finding that Clausen failed to prove by a preponderance of the evidence that he suffered an accident, or that any such accident occurring on May 17, 1999, caused a disabling injury which would have entitled him to benefits under the Workers' Compensation Act. Further, our review of the record establishes the workers' compensation judge was not clearly wrong.
For the foregoing reasons, the decision of the workers' compensation judge is affirmed. Costs of this appeal are assessed to Glen Clausen.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.