LFOGG, J.
In this workers’ compensation case, the issue of causation is raised on appeal. For the following reasons, we affirm.
On June 6, 2000, Jerome August fell while in the course and scope of his employment with Max Foote Construction Company, Inc. He filed a disputed claim form, seeking workers’ compensation benefits. After a trial, the workers’ compensation judge dismissed the claim, finding the claimant failed to prove a “causal connection between the ongoing medical condition complained of and the alleged accident occurring June 6, 2000.” The claimant appeals.
To recover workers’ compensation benefits, a claimant must establish by a preponderance of the evidence a causal link between the work-related accident and the claimed disability. Clausen v. D.A.G.G. Constr., 2001-0077 (La.App. 1 Cir. 2/15/02), 807 So.2d 1199, writ denied, 2002-0824 (La.5/24/02), 816 So.2d 851. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Clausen, 807 So.2d at 1201.
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. An appellate court cannot set aside the factual findings of a workers’ compensation judge unless there *842 is no reasonable basis for those findings or they are clearly wrong. When factual findings are based on witness credibility, the appellate court must give great deference to the fact-finder’s decision to credit or discredit a witness’s testimony. When there is a conflict in the testimony, reasonable credibility evaluations and inferences of fact should not be disturbed on review, even if the appellate court feels that its own evaluations and inferences are as reasonable. See Clausen, 807 So.2d at 1202.
The claimant, a cement finisher by trade, traveled to Mississippi and reported to work the morning of June 6, 2000. While smoothing a wall, he fell over a five-_jgallon3 bucket. The accident was reported, and the claimant continued to work. After his shift, the claimant received over-the-counter pain medication from his supervisor. The claimant never returned to work. The day following the fall, the claimant stayed in bed until 2:00 p.m., then he returned to Louisiana. The claimant testified he did not ask his supervisor for medical treatment. Frank Evans, a superintendent at the jobsite, stated that when questioned immediately after the fall, the claimant complained of soreness but denied an offer of medical treatment.
On July 12, 2000, Dr. Raul Reyes’ diagnosis of the claimant included cervical and lumbosacral spine sprain. Dr. Reyes continued conservative treatment for six months. In 1991, Dr. Reyes had treated the claimant for approximately one year for neck and back pain after a motor vehicle accident. During treatment by Dr. Reyes, the claimant provided medical histories that included a motor vehicle accident resulting in back injuries in 1986 and additional treatment by another physician following a motor vehicle accident in 1994.
The claimant’s medical records establish he received medical treatment in 1998 after he reportedly was struck by a vehicle, in 1996 after he jumped from a vehicle, and in 1983 after a fall. In addition, Dr. Nicolas Cefalu treated the claimant in 1996 for back pain. An MRI preformed on February 6, 2001, revealed mild disc degeneration at C5-C6 and moderate disc degeneration at C6-C7, attributed to chronic degenerative disc disease.
The record supports the workers’ compensation judge’s finding that the claimant failed to prove by a preponderance of the evidence that his injuries were caused by his June 6, 2000 fall. Further, we cannot say that the workers’ compensation judge was clearly wrong.
Accordingly, the judgment of the workers’ compensations judge is affirmed. Costs are assigned to Jerome August.
AFFIRMED.