858 So.2d 537 (2003)
Albertha KEMP
v.
EAST BATON ROUGE CITY PARISH and Louisiana Workers' Compensation Corporation.
No. 2002 CA 2083.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
*539 Terry Bonnie, Baton Rouge, Counsel for Plaintiff/Appellant Albertha Kemp.
Debra Talbot-Parker, Baton Rouge, Counsel for Defendants/Appellees East Baton Rouge Parish and LA Workers' Compensation Corporation.
Before: FOIL, McCLENDON, and KLINE[1] JJ.
KLINE, J.
Appellant, Albertha Kemp, appeals the decision of the workers' compensation judge dismissing her claim against appellees, East Baton Rouge City Parish and Louisiana Workers' Compensation Corporation, having found that she did not carry her burden of proof that she suffered injury due to a work-related accident. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Albertha Kemp was employed as a cook for the Head Start program with the Baton Rouge City Parish ("the City"). According to Ms. Kemp, on December 7, 2000, while at work preparing snacks and putting bowls away, she slipped and fell and injured her back. She testified that as she was falling, she "hollered" for her fellow employees to come and help her. No one witnessed the fall. There was no evidence, other than her testimony, that Ms. Kemp reported the accident or her resultant back injury to her supervisor prior to January 8, 2001, when the incident report was prepared. There was also no evidence that Ms. Kemp sought immediate medical treatment for her injury as a result of her fall.
The next day after the alleged accident, on December 8, 2000, Ms. Kemp underwent oral surgery and was absent from work for several days. She returned to work on December 21, 2000 and also worked the next day. Afterwards, the Head Start program was closed for two weeks due to Christmas vacation. On January 8, 2001, when Ms. Kemp returned to work after the Christmas vacation, she reported the December 7, 2000 accident to her supervisor, Sylvia Williams, and reported that she had suffered back pain.
On February 12, 2001, Ms. Kemp filed a disputed claim for compensation with the Office of Workers' Compensation ("OWC") against appellees. She asserted that she injured her back by falling when she was replacing containers on a shelf. Ms. Kemp listed Ms. Williams and a fellow employee, Lorraine Kelly, as witnesses to the accident. A trial was held on the merits on January 30, 2002. At the trial, Ms. Kemp testified about the facts surrounding the incident and the injuries that resulted. She also testified about the facts surrounding the issue of a prior back injury. After Ms. Kemp's case in chief, appellees moved for an involuntary dismissal, urging that Ms. Kemp had not satisfied her burden of proof. Ms. Kemp then requested that the WCJ grant her motion to amend the pleadings to allege an aggravation of a pre-existing back injury. The WCJ granted Ms. Kemp's motion to amend the pleadings and to allege an aggravation of a pre-existing injury. The WCJ then granted appellees' motion for an involuntary dismissal.
The workers' compensation judge ("WCJ") issued a written judgment, signed on February 8, 2002, stating the following:
IT IS ORDERED, ADJUDGED, AND DECREED that the Claimant is *540 not entitled to workers' compensation benefits as the Claimant failed to prove that she sustained an accident within the course and scope of her employment with the City of Baton Rouge/Parish of East Baton Rouge as provided by La. R.S. 23:1201.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Claimant's motion to amend the pleadings to allege an aggravation of a pre-existing back injury, (following the Claimant's case in chief and after the motion of the involuntary dismissal by the Defendants) is granted;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that since Albertha Kemp, the Claimant was not injured within the course and scope of her employment with the City of Baton Rouge/Parish of East Baton Rouge, Head Start, she is not entitled to workers' compensation benefits.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that an involuntary dismissal is granted and as such, Judgment is herein rendered in favor of the City of Baton Rouge/Parish of East Baton Rouge and Louisiana Workers' Compensation Corporation, dismissing with prejudice all claims brought by Albertha Kemp.
Ms. Kemp appeals the WCJ's findings and asserts the following assignments of error:
1. The Workers' compensation Judge manifestly erred in finding that an accident did not occur on December 7, 2000.
2. The Workers' Compensation Judge manifestly erred in not finding that the accident and injuries of December 7, 2000, was an aggravation of a previous accident (which required surgery in 1987);
3. The Workers' Compensation Judge manifestly erred in not finding that the accident and injuries of December 7, 2000 was corroborated by medical reports;
4. The Workers' Compensation Judge manifestly erred in ruling that Ms. Kemp was a non-credible person.

LAW AND DISCUSSION
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the factfinder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers' compensation benefits, he must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant's testimony alone *541 may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Williams v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 294, 298.
In workers' compensation cases, a disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident, and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or that the nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, 807, writs denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350. Thus, when there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Jackson v. Savant Insurance Company, 96-1424, p. 3 (La.App. 1 Cir. 5/9/97), 694 So.2d 1178, 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0238, pp. 6-7 (La.App. 1 Cir. 10/6/95), 671 So.2d 420, 424, writ denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Thus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is accorded great weight. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). The determinations by a workers' compensation judge as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id.
At issue in the instant case is whether Ms. Kemp proved, by a preponderance of the evidence, that a work-related accident did occur and caused her injuries. The WCJ, when ruling, stated the following:
I have looked through the medical records, I have heard Ms. Albertha Kemp testify; and, quite frankly, I'm not sure if it's forgetfulness or if there is prevarication in this case, but there is simply in my mind a lack of corroboration, and I don't think the burden of proof has been met that an accident occurred in this case. Ms. Kemp testified. The medical records, [in] my estimation, don't corroborate the occurrence of an incident. I especially note the MRI reports, the one that was done before and then after the accident. It very rarely happens in case[sic]. In this case, they're almost identical.
And there's alsothe biggest problem in my mind is the fact that in November of 2000 there was a visit to the doctor. From the doctor reports, the complaints were very similar to the complaints that Ms. Kemp now has concerning her symptoms, and she alleges that this accident, whether it was the cause of the symptoms or it was an exacerbation, either way there's a problem in my mind.

*542 There was a request that I find that 1208 was violated in this case. It's a very difficult decision. And as I said, I'm not sure if it's forgetfulness, prevarication, what the situation is, but there is definitely a problem with the credibility. And while I don't think it rises to the level of the 1208 violation, I do think the questions concerning the credibility caused me to question whether an accident happened at all or whether what we have is simply continued problems as the result of a previous accident, especially noting the visits shortly before the alleged accident and where the complaints were almost the same. (Emphasis added.)
The record provides conflicting testimony and evidence of the events surrounding Ms. Kemp's actions right after the alleged accident as well as Ms. Kemp's actions during the period between the date of the accident and January 8, 2001, when Ms. Kemp's incident report was prepared regarding the accident and the back injuries she sustained. Ms. Kemp testified that she developed back injuries as a result of her slip and fall incident on December 7, 2000, when she was preparing snacks and reaching for bowls.
The determinations as to whether Ms. Kemp's testimony was credible, and whether Ms. Kemp had discharged her burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. In this case, the WCJ found that Ms. Kemp's testimony was less than credible. Ms. Kemp testified that she was in extreme pain but did not seek any medical treatment for her back. Ms. Kemp initially denied that she had any previous back problems. Later, during cross examination, Ms. Kemp revealed that she had prior back surgery in 1987. Ms. Kemp however testified that she had no problems with her back thereafter. The medical records provided that Ms. Kemp was under the care of a neurosurgeon and an orthopaedic surgeon as recently as November 2000, a month prior to the instant accident, and that Ms. Kemp's complaint was back pain. An MRI was performed in February of 2000 and another was performed in January of 2001, and the results appeared to be identical. As a result, the WCJ determined that no work-related accident was proven to cause injury to Ms. Kemp. Based upon a complete review of the record, we cannot say that the WCJ was clearly wrong in finding that Ms. Kemp did not prove, by a preponderance of the evidence, that she was injured in a work-related accident during the course and scope of her employment. As a result of this finding, we pretermit addressing the other asserted assignments of error.

CONCLUSION
For the above and foregoing reasons, the judgment of the WCJ dismissing Ms. Kemp's claim for workers' compensation benefits is affirmed. Costs associated with this appeal are assessed against Albertha Kemp.
AFFIRMED.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.