960 So.2d 946 (2007)
Carl CRAWFORD
v.
PONTCHARTRAIN MATERIALS.
No. 2006 CA 1780.
Court of Appeal of Louisiana, First Circuit.
March 28, 2007.
*947 Prescott L. Barfield, Covington, for Plaintiff-Appellee Carl Crawford.
Travis R. LeBleu, Baton Rouge, for Defendants-Appellants Pontchartrain Materials, Inc. and Louisiana Workers' Compensation Corporation.
Before: PETTIGREW, DOWNING, and HUGHES, JJ.
PETTIGREW, J.
In this workers' compensation action, the parties dispute whether the claimant's present back complaints are the result of an employment-related accident. The employer and its insurer dispute that claimant's subsequent complaints of back pain stem from an accident on the job. The employer and the insurer now appeal from a judgment in favor of claimant awarding indemnity benefits and medical expenses together with penalties and attorney fees. *948 For the reasons that follow, we hereby affirm.

FACTS
Carl Crawford, claimant herein, had been employed since August 13, 2001, as a commercial truck driver making deliveries for Pontchartrain Materials, Inc., a/k/a Pontchartrain Materials Corporation ("Pontchartrain Materials"). After being employed by Pontchartrain Materials for a year, Mr. Crawford sought medical treatment for complaints of numbness in his legs. It was determined that Mr. Crawford suffered from a blocked artery in his right leg. He underwent surgery in which stents were placed in his right leg and left kidney. Mr. Crawford testified that he returned to work several days later and worked the succeeding sixteen or seventeen months without medication or additional complaints.
On July 22, 2003, while in the course and scope of his employment with Pontchartrain Materials, Mr. Crawford was directed to make a delivery of sand to Avondale. While unloading the sand from his truck, Mr. Crawford testified that a pressurized large rubber hose known as a vent line, which was not properly secured, suddenly whipped around and struck Mr. Crawford in the right leg, knocking him to the ground. Mr. Crawford stated that he thereafter got up and relieved the pressure on the vent line by turning off the ignition on his truck.
The following morning Mr. Crawford related details of the incident at Avondale to his fellow workers and showed them bruises that he sustained to his right hip and thigh. Mr. Crawford also notified the production manager at Pontchartrain Materials, Mr. Otha Wood, about the incident. Mr. Wood directed Mr. Crawford to write a detailed statement about what took place at Avondale. In his statement, Mr. Crawford stated that he "[w]as hit in growing [sic] of my right leg just above the knee. It is just brused [sic]." Mr. Crawford further stated that "[a]fter shuting [sic] down[,] I secure [sic] all lines and then was able to unload." As Mr. Crawford did not indicate that he had further injuries, Mr. Wood did not consider this incident to be an "accident," and consequently, did not make out an accident report. Mr. Wood further testified that he asked Mr. Crawford to provide a statement as a means of documenting delays incurred on the job at Avondale.
Approximately one week later, on August 1, 2003, Mr. Crawford underwent a routine physical examination as required periodically by the Louisiana Department of Transportation and Development ("DOTD") to certify his fitness as a commercial driver. No back complaints, limitation of movement, or restrictions were noted on the Medical Examination Report, and Mr. Crawford was recertified to drive commercially.
Mr. Crawford recalled that he attempted to resume his duties, but approximately one month later, he began having serious problems. According to Mr. Crawford, his legs started to bother him again just as they had prior to his stent surgery. Mr. Crawford further stated that he advised Mr. Wood that his legs were bothering him again and that he would need to return to his doctor. Mr. Crawford missed work periodically throughout the fall of 2003 due to complaints related to his kidney stents and back pain.
In January 2004, Mr. Crawford advised Mr. Wood that he was experiencing back problems that he attributed to the incident at Avondale in July 2003. Pontchartrain Materials took the position that Mr. Crawford did not sustain an "accident" as defined in the Louisiana Workers' Compensation Act. Pontchartrain Materials further averred that in the event an accident occurred, *949 then, and in that event, Mr. Crawford did not sustain said accident within the course and scope of his employment with Pontchartrain Materials. As a result Louisiana Workers' Compensation Corporation ("LWCC"), in its capacity as the workers' compensation insurer for Pontchartrain Materials, denied the claim and, accordingly, did not authorize medical treatment for Mr. Crawford.

ACTION OF THE TRIAL COURT
This matter proceeded to trial before a workers' compensation judge on April 26, 2006. At the conclusion of the trial, the workers' compensation court requested that both parties submit post-trial memoranda. On May 31, 2006, the workers' compensation court rendered judgment finding that Mr. Crawford "sustained a compensable work-related injury to his back as a result of a July 22, 2003 accident while working for Pontchartrain Materials." Accordingly, the workers' compensation court directed that temporary total disability benefits be awarded to Mr. Crawford in the maximum amount of $416.00 per week, based upon an average weekly wage of $673.84 retroactive to January 1, 2004 and payable until further orders of the court. The workers' compensation court also cast LWCC for all reasonable and necessary medical expenses related to Mr. Crawford's back injury, subject to the Workers' Compensation Fee Schedule and subject to a credit for any amounts paid by Mr. Crawford's private insurance. The workers' compensation court further held that Mr. Crawford did not violate the provisions of La. R.S. 23:1208 and assessed a penalty of $2,000.00 and attorney fees in the amount of $10,000.00 against LWCC for its failure to reasonably controvert the claim.
From this judgment, Pontchartrain Materials and LWCC have taken a suspensive appeal, and Mr. Crawford has filed an answer to the appeal. On July 20, 2006, Mr. Crawford moved for the expedited preparation of the record and an expedited appeal based upon the recommendation of Mr. Crawford's cardiologist that he must undergo back surgery. Pontchartrain Materials and LWCC opposed this motion on the grounds that (1) while Mr. Crawford's cardiologist recommended surgery, he did not opine that a delay of surgery would have any adverse effects; (2) matters concerning Mr. Crawford's need for back surgery were outside the expertise of his cardiologist; and (3) the workers' compensation court was divested of jurisdiction by the appeal. In a hearing held on August 3, 2006, the workers' compensation court denied Mr. Crawford's request for an expedited appeal. Mr. Crawford sought review of this denial in the appellate court, which ordered that this matter be placed on the next available docket.[1]

ISSUES PRESENTED FOR REVIEW
In connection with their appeal in this matter, Pontchartrain Materials and LWCC have set forth the following issues for consideration by this court:
1. Whether the workers' compensation court erred in holding that Mr. Crawford had sustained a work-related accident;
2. Whether the workers' compensation court erred in assessing penalties and attorney fees where the claim was reasonably controverted;
3. Whether the workers' compensation court erred in holding that Mr. Crawford had not violated La. R.S. 23:1208;

*950 4. Whether the workers' compensation court erred in holding that Mr. Crawford was entitled to indemnity benefits from January 1, 2004 and continuing; and
5. That the workers' compensation court did not provide what medical expenses it deemed to be reasonable, necessary and related.

LAW AND ANALYSIS
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. As an appellate court, we cannot set aside the factual findings of the workers' compensation judge unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers' compensation benefits, he must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Jackson v. Savant Insurance Company, 96-1424, p. 3 (La.App. 1 Cir. 5/9/97), 694 So.2d 1178, 1180. See also Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
In workers' compensation cases, a disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident or that the nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, 807, writ denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350. Thus, when there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Jackson, 96-1424 at 3, 694 So.2d at 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0238, pp. 6-7 (La. App. 1 Cir. 10/6/95), 671 So.2d 420, 424, writ denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Thus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident *951 occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is accorded great weight. Nelson v. Motiva, 04-2436, p. 3 (La.App. 1 Cir. 12/22/05), 928 So.2d 34, 37. The determinations by a workers' compensation judge as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Bruno, 593 So.2d at 361.
The manifest error test requires the reviewing court to consider the record as a whole to ascertain whether the trier of fact's findings constituted manifest error. Since the trier of fact's findings are accorded great weight on appeal, the Louisiana Supreme Court has set forth a two-part test for use by appellate courts in applying the manifest error standard of review. First, the appellate court must conclude from the record that a reasonable factual basis does not exist for the trier of fact's findings. Second, the appellate court must determine that the findings were clearly wrong based on the record. Stobart, 617 So.2d at 882.
In its written reasons for judgment rendered on June 8, 2006, the workers' compensation court addressed fully the issues now raised by Pontchartrain Materials and LWCC in the present appeal:
Looking at the evidence as a whole, the court concludes that Mr. Crawford has met his burden of proving a causal connection between a work-related accident and resulting disability by an overwhelming preponderance of the evidence. While Mr. Crawford may be a poor historian, he was nonetheless a credible witness. No evidence or testimony contradicted the occurrence of the July 22, 2003 incident at Avondale. Additionally, after his first stent surgery in March 2002, Mr. Crawford worked without problems; it was not until shortly after the July 22, 2003 accident that he complained of back problems.
Dr. Finn's records also corroborate Mr. Crawford's testimony that while he may not have told Dr. Finn about the July 22, 2003 incident when it first happened, at some point Mr. Crawford did discuss it with him, and Dr. Finn referred to the injury as work-related as early as March 2004.
As to disability, Mr. Crawford testified that he has not worked since leaving Pontchartrain Materials. He also testified that he is considered disabled by Social Security Administration, and no evidence was put forth to contradict his testimony.
Dr. Finn repeatedly stated that Mr. Crawford's back injury is work-related and that he needs surgery. Despite Dr. Finn's reports, LWCC took no further action on the claim after the denial in June 2004. No second opinions were obtained, no doctor's depositions were taken. Based on this, the court concludes that Mr. Crawford has met his burden of proving by clear and convincing evidence that he in [sic] unable to work, thus entitling him to temporary total disability benefits.
As to average weekly wage and compensation rate, the parties jointly submitted Mr. Crawford's 2003 work calendar and payroll record, the payroll record only showing gross wages for 2003. However, there is a hand-written notation on the payroll record which says: "Avg hours/week" and underneath "57.84". The parties stipulated that Mr. Crawford earned $11.65 per hour at the time of the accident. Thus, the court concludes that Mr. Crawford's average weekly wage is *952 $673.84 ($11.65 X 57.84 hours per week), thus entitling him to the maximum compensation rate of $416.00 per week.
Based on LWCC's inaction after the June 2004 denial of Mr. Crawford's claim, the court concludes that LWCC failed to reasonably controvert the claim, thus entitling him to penalties and attorney fees.
The court finds that counsel for Mr. Crawford performed substantial work on his behalf. It was only after counsel for Mr. Crawford filed for and was granted a preliminary default that LWCC answered the claim. Counsel also filed a Motion to Compel Authorization for Medical Treatment, Motion to Compel Discovery, and Motion to Deem Admissions Admitted, which were all scheduled for hearing on July 23, 2004. No appearance was made by Pontchartrain Materials nor by LWCC, thus the court rendered judgment in favor of Mr. Crawford on all the motions, and attorney fees were awarded.
Shortly thereafter, counsel for Mr. Crawford had to file a Motion to Enforce the above-mentioned judgment, and a hearing was scheduled for December 17, 2004. Again, no appearance was made by Pontchartrain Materials nor by LWCC, so the court granted the Motion to Enforce and awarded additional attorney fees.
Over the next year and five months, counsel for Mr. Crawford continued to perform substantial work on the case up to the trial date. Considering the entire record and trial preparation involved, and finding that LWCC failed to reasonably controvert the claim, the court concludes that an attorney fee of $10,000.00 is appropriate. Additionally, Mr. Crawford is entitled to a penalty of $2,000.00.
Finally, LWCC urged in its post-trial brief that Mr. Crawford violated the provisions of La. R.S. 23:1208, based on "repeated assertions of an alleged accident, injury to his back, and continuing disability" (emphasis added) [emphasis in original]. The court concludes that the fraud claim has no merit, given the fact that Mr. Crawford has proven each and every element of his claim.
As this court has previously noted, the determinations by the workers' compensation court as to whether Mr. Crawford's testimony is credible and whether Mr. Crawford discharged his burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. In the case presently before this court, the workers' compensation court found Mr. Crawford to be a credible witness and concluded that the medical evidence showed a reasonable connection between the work-related accident and Mr. Crawford's back injury. Based upon a complete review of the record, we decline to say that the workers' compensation court was clearly wrong in its finding that Mr. Crawford proved, by a preponderance of the evidence, that he injured his back in the July 22, 2003 accident at Avondale and was entitled to the damages, penalties and attorney fees awarded.

CONCLUSION
For the above and foregoing reasons, the judgment of the workers' compensation court is affirmed in all respects. All costs associated with this appeal are assessed against defendant-appellants, Pontchartrain Materials, Inc. and Louisiana Workers' Compensation Corporation.
AFFIRMED.
NOTES
[1] Carl Crawford v. Pontchartrain Materials and Louisiana Workers' Compensation Corporation, 06-1780 (La.App. 1 Cir. 10/2/06).