HUGHES, J.
 

 | ¡.This is an appeal from a judgment of the Office of Workers’ Compensation (“OWC”), denying a claim for workers’ compensation benefits. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 3, 2007 Cynthia West was employed as a “hauler” for the Wal-Mart distribution center in Robert, Louisiana, when she allegedly became dislodged from the forklift she was operating (though she did not fall to the ground) and suffered personal injury. Ms. West sought medical attention within two days of the alleged injury, and subsequently applied for workers’ compensation benefits from Wal-Mart, but her claim was denied. Thereafter, on July 23, 2007 Ms. West filed a “Disputed Claim for Compensation” with the OWC, seeking to collect workers’ compensation benefits, penalties, and attorney fees from Wal-Mart.
 

 Following an April 15, 2010 hearing before the OWC, judgment was signed on August 5, 2010, denying her claim. In so ruling, the OWC judge found that the claimant had not carried her burden to prove that she was involved in an accident on January 3, 2007, which resulted in physical injury. Ms. West has appealed
 
 *166
 
 this judgment, assigning as error the failure of the OWC to apply a legal presumption of causation to entitle her to workers’ compensation benefits for the initial alleged injury and for subsequent successive injuries.
 

 LAW AND ANALYSIS
 

 The Workers’ Compensation Act provides coverage to an employee for personal injury by accident arising out of and in the course of his employment.
 
 See
 
 LSA-R.S. 23:1031(A). An employee must prove the chain of causation required by the workers’ compensation statutory scheme, |3as adopted by the legislature, and must establish that the accident was employment-related, that the accident caused the injury, and that the injury caused the disability.
 
 Clausen v. D.A.G.G. Construction,
 
 2001-0077, p. 2 (La.App. 1 Cir. 2/15/02), 807 So.2d 1199, 1201,
 
 writ denied,
 
 2002-0824 (La.5/24/02), 816 So.2d 851.
 

 A worker’s testimony is sufficient to discharge the burden of proving an accident, provided that two elements are first satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances surrounding the alleged incident.
 
 Carter v. Lakeview Regional Medical Center,
 
 2004-1794, p. 4 (La.App. 1 Cir. 9/23/05), 923 So.2d 686, 688;
 
 Penn v. Options, Inc.,
 
 2002-1987, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 557, 560. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence.
 
 Ardoin v. Firestone Polymers, L.L.C.,
 
 2010-0245, p. 5 (La.1/19/11), 56 So.3d 215, 219.
 
 See also Roberts v. Thibodaux Healthcare Center,
 
 2005-0774, p. 11 (La.App. 1 Cir. 3/24/06), 934 So.2d 84, 92.
 

 As in other civil cases, in reviewing the OWC judge’s factual determinations, including whether the employee has discharged his burden of proof, this court is bound by the manifest error standard of review.
 
 Lafleur v. Alec Electric,
 
 2004-0003, p. 4 (La.App. 1 Cir. 12/30/04), 898 So.2d 474, 478,
 
 units denied,
 
 2005-0276, 2005-0277 (La.4/8/05), 898 So.2d 1287, 1288;
 
 Moran v. G & G Construction,
 
 2003-2447, p. 4 (La.App. 1 Cir. 10/29/04), 897 So.2d 75, 79,
 
 writ denied,
 
 2004-2901 (La.2/25/05), 894 So.2d 1148. Under that standard of review, an appellate court may only reverse an OWC judge’s factual determinations if it finds from the record |4that a reasonable factual basis for the finding does not exist or that examination of the entire record reveals that the finding is clearly erroneous.
 
 Stobart v. State, Department of Transportation and Development,
 
 617 So.2d 880, 882 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.,
 
 617 So.2d at 883. Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the factfin-der, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review where conflict exists in the testimony.
 
 Lafleur v. Alec Electric,
 
 2004-0003 at p. 4, 898 So.2d at 478.
 

 Following the conclusion of the trial in this matter, the OWC judge issued written reasons for ruling in favor of Wal-Mart, stating, in pertinent part:
 

 Claimant was not in “good health” prior to the alleged accident on 1-3-2007. Therefore, she is not entitled to any presumption that the alleged accident was a cause of her injuries.
 

 Claimant’s reporting of the accident was considered late by the employer
 
 *167
 
 even though claimant testified that she told another supervisor of the accident but he failed to write up the report. No one disputed that she told another supervisor but neither was there any [corroboration] of this self-serving statement. To further complicate the issue of whether claimant actually suffered an unwitnessed accident on that date, the first physician’s report post-accident did not specifically state that there was a work-related accident. In fact, it stated “no trauma”.
 

 Claimant stated to the defendant’s human resources department head in January of 2007, and again at trial, that she did not really know if she had an “accident” on that date or not. The case law is clear that claimant’s assessment as to what is or is not an “accident”[
 
 1
 
 ] as defined by the Louisiana workers’ | ¿compensation laws is not determinative of whether [it] does or does not meet the definition of an “accident”.
 

 Claimant’s treating physician Dr. Kal-dis did not begin to treat her until October of 2009, which was long after the accident of January of 2007. The initial treating physician Dr. Spiller did not specifically relate the injuries to the initial description of the “accident” by claimant. Her description was of repeated “jarring”.
 

 Claimant’s description of the accident to Dr. Spiller was not the same as it was to Dr. Kaldis. It is unknown if claimant did not accurately describe the “accident” to Dr. Spiller or to Dr. Kaldis. This is a critical point and one on which this case turns. It is important to note that this OWC Court is not in any [way] suggesting any fraud by the claimant but merely that a long time elapsed between the accident and seeing Dr. Kaldis.
 

 This OWC Court could not conclude that claimant suffered a work-related accident on January 3, 2007. Therefore, all other issues were then moot.
 

 On appeal, Ms. West contends that no evidence was introduced before the OWC that disputed her “accounting of her accidents,” which she states included one specific incident of falling off a forklift on January 3, 2007 and additional incidents that injured her back when she was “jarred around a lot” while operating a forklift. Ms. West further contends that her medical records support her claim of injury. Additionally, Ms. West asserts on appeal that the OWC erred in failing to apply the “good health” presumption.
 

 A disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident or that the nature of the accident raises a natural inference that such a causal connection exists. Thus, when there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Cra
 
 wford v. Pontchartrain Materials,
 
 2006-1780, p. 6 (La.App. 1 Cir. 3/28/07), 960 So.2d 946, 950.
 

 In determining whether a worker has borne his burden, the trier-of-
 
 *168
 
 fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. The determinations by a workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong.
 
 Crawford v. Pontchartrain Materials,
 
 2006-1780 at pp. 6-7, 960 So.2d at 950-51;
 
 Kemp v. East Baton Rouge City Parish,
 
 2002-2083, p. 5 (La.App. 1 Cir. 6/27/03), 858 So.2d 537, 541.
 
 See Ardoin v. Firestone Polymers, L.L.C.,
 
 2010-0245 at pp. 5-6, 56 So.3d at 219. Deference to a trier-of-fact’s findings, when based on a credibility determination, is particularly important, as only the factfinder can be aware of the variations in the demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said.
 
 See Roberts v. Thibodaux Healthcare Center,
 
 2005-0774 at p. 10, 934 So.2d at 91.
 

 In the instant case, the OWC judge refused to apply the “good health” presumption in light of the plaintiffs history of similar symptoms (i.e., left and right leg pain in 2006), following a prior back strain for which she received treatment in July and August of 2005. Further, the OWC judge resolved credibility issues against the claimant, noting that the “accident” was unwitnessed and not well-corroborated, and placing great emphasis on the fact that when the claimant sought treatment two days post-accident, the treating physician recorded, “She denies any trauma.”
 

 17This court has conducted a thorough review of the record presented on appeal, and under the particular facts and circumstances of this case, we are unable to say the trier-of-fact was clearly wrong in her decision.
 
 [2]
 
 Therefore, the jurisprudence dictates affirmance of the OWC.
 

 CONCLUSION
 

 For the reasons assigned herein, the judgment of the Office of Workers’ Compensation is affirmed. All costs of this appeal are to be borne by the claimant/appellant, Cynthia A. West.
 

 AFFIRMED.
 

 PARRO, and GUIDRY, JJ., concur.
 

 [1]
 

 . An "accident” is defined by LSA-R.S. 23:1021(1) as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.”
 

 [2]
 

 . Furthermore, we note that, in the absence of an "accident” that aggravates degenerative disc disease, it is expressly excluded from workers' compensation coverage pursuant to LSA-R.S. 23:1031.1(B), which provides:
 

 An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome.
 
 Degenerative disc disease,
 
 spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease
 
 are specifically excluded from the classification of an occupational disease for the purpose of this Section.
 
 [Emphasis added.]
 

 See J.P. Morgan Chase v. Louis,
 
 44,309 (La.App. 2 Cir. 5/13/09), 12 So.3d 440, 446-47. In the instant case, the OWC ruled that the claimant failed to prove that an "accident,” as defined by workers’ compensation law, occurred; thus, any developmental or degenerative disc disease would be excluded from coverage under Section 1031.1.