McDonald, j.
| j,This is an appeal of a workers’ compensation case. Earnest W. McCallister, a pipefitter, filed a disputed claim for compensation on April 7, 2008, against his employer, Sunland Fabricators. Mr. McCallister asserted that he had slipped on a pipe and hurt his back on May 5, 2007. He asked for wage benefits, medical treatment (an MRI diagnostic study), and interest, penalties, attorney fees, expert fees, and costs. Sunland. Fabricators filed an answer denying his claims and raising affirmative defenses.
At the start of the trial on the merits, the parties stipulated that Mr. McCallister was injured in the course and scope of his employment with Sunland Fabricators on May 5, 2007; that his average weekly wage was $1,044.00 and his corresponding temporary total disability rate was $478.00; that temporary total disability was paid from October 18, 2007, to December 26, 2007; that Mr. McCallister continued to work from the date of the accident until October 15, 2007; that all medical bills had been paid except for an MRI study for which there was a Veterans Administration lien; that Dr. Isaza was Mr. McCallister’s choice of orthopedic surgeon; and that FARA was a third-party administrator and not a workers’ compensation carrier.
After the trial on the merits, the workers compensation judge took the case under advisement. Thereafter, the workers compensation judge ruled, finding that Sunland Fabricators owed the Veterans Administration reimbursement for the expense of an MRI, that Sunland Fabricators owed Mr. McCallister supplemental earnings benefits in the amount of $12,238.27 for December 26, 2007, through July 23, 2008, plus legal interest due on each installment as it came due until paid, that Mr. McCallister violated La. R.S. 23:1208 during his deposition on July 23, 2008, by deliberately misrepresenting facts to obtain workers’ compensation | .^benefits, and thus, that his entitlement to workers’ compensation benefits as of July 24, 2008, was forfeited. Mr. McCallister appealed that judgment.
On appeal, Mr. McCallister asserts that 1) the workers compensation judge erred in finding he committed fraud for the purpose of obtaining workers’ compensation benefits, as any deception (which he denies) was for the purpose of receiving treatment from the Veterans Administration hospital, thus the workers compensation judge erred in imposing La. R.S. 23:1208 sanctions; 2) benefits are due to him from July 24, 2008 forward, including penalties and attorney fees; 3) the workers compensation judge failed to award penalties and attorney fees for the benefits found to be due; and, 4) he is entitled to attorney fees for the appeal.
In a workers’ compensation case, the appellate court’s review of factual findings is governed by the manifest error-elearly wrong standard. A workers’ compensation judge’s determinations as to *288 whether claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Clausen v. D.A.G.G. Construction, 01-0077, p. 3-4 (La.App. 1 Cir. 2/15/02), 807 So.2d 1199, 1202, writ denied, 02-0824 (La.5/24/02), 816 So.2d 851.
Louisiana Revised Statutes 23:1208 requires: (1) a false statement or representation, (2) made willfully and deliberately, and (3) made for the purpose of obtaining workers’ compensation benefits. This broadly-worded statute encompasses such statements made to anyone, including the employer, physicians or insurer. All three requirements must be met before a claimant can be penalized. Short v. Gaylord Chemical Corp., 98-0606, p. 10 (La. App. I Cir. 4/1/99), 731 So.2d 493, 499.
|4In her reasons for judgment, the workers compensation judge found as follows:
However, when he gave his deposition on July 23, 2008, he did deliberately misrepresent facts for the purpose of obtaining benefits. I am of the opinion that he lied about the information that he provided to the Veterans Administration in February of '08. It was his statement that he told the VA that workers’] comp wouldn’t pay for his MRI and he needed the MRI and that the nurse at the VA made up a story and put it in the documents so that he could get the MRI. I do not believe that. Therefore, he has forfeited all rights to any further benefits as of July 24, which is the next day, which would begin 2008 forward.
Mr. McCallister’s statement at the deposition was directly contradicted by the trial testimony of Kimberly LeBlanc, the medical case manager associated with his workers’ compensation claim. She testified at trial that Mr. McCallister told her that he had told the nurse at the Veterans Administration to say that he’d had a re-injury so that they would do the MRI. After a thorough review of the record, we cannot say that the workers compensation judge committed manifest error in finding that Mr. McCallister lied in his deposition.
Regarding Mr. McCallister’s argument that the workers compensation judge erred in failing to award penalties and attorney fees for the benefits found to be due, we find no manifest error in the workers compensation judge finding that the claim for benefits was reasonably controverted, such that penalties and attorney fees were not warranted, in accordance with La. R.S. 23:1201 F(2).
Thus, for the foregoing reasons, the judgment of the workers compensation judge is affirmed. Costs are assessed against Mr. McCallister.
AFFIRMED.
HUGHES, J., concurs.