McDonald, j.
12This is an appeal in a workers’ compensation ruling wherein the Office of Workers’ Compensation (OWC) found that the plaintiffs claims for medical benefits related to her hip and back and her claim for supplemental earnings benefits were not related to her accident at work, and her case was dismissed with prejudice.
The plaintiff, Rose Kinchen, was injured in the course and scope of her employment at Wal-Mart Stores, Inc. (Wal-Mart) on September 11, 2008, when she was walking across the parking lot at the Wal-Mart in Denham Springs where she worked. She was hit by a forklift, injuring her left knee and elbow. Ms. Kinchen was treated for a nondisplaced lateral tibea fracture of the left leg and workers’ compensation benefits were paid in connection with that injury. Wal-Mart paid total disability benefits through October 20, 2008, and then paid supplemental earnings benefits through January 9, 2009.
Ms. Kinchen filed a disputed claim for compensation against Wal-Mart on December 10, 2010, asserting that in addition to fracturing her right tibia and injuring her right knee and elbow, she sustained injuries to her hip and lower back. Wal-Mart filed an answer and denied that her claims were related to the accident. Ms. Kinchen retired from Wal-Mart effective on May 5, 2011.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. As an appellate court, we cannot set aside the factual findings of the OWC unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate |3court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the *1058 fact finder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel its own evaluations and inferences are as reasonable. Crawford v. Pontchartrain Materials, 2006-1780 (La. App. 1 Cir. 3/28/07), 960 So.2d 946, 950.
In this case, OWC issued sixteen pages of written reasons for judgment which articulate the facts of the case in great detail, along with the determinations that led to the finding that Ms. Kinchen failed to prove that her hip and back complaints were related to the Wal-Mart accident. In pertinent part, the OWC found:
In the instant case, Ms. Kinchen’s testimony was contradicted in several respects. Ms. Kinchen testified that after working as a telephone operator, she asked Mr. Spurrier if she could return to the floor as a sales associate in electronics, but that after several days, she could not continue because of hip pain. This testimony was directly contradicted by Ms. Fleming, who stated that Ms. Kinchen never returned to the floor as a sales associate.
Additionally, Ms. Kinchen testified that it was Dr. Parmar’s idea for her to retire. This was directly contradicted by Dr. Parmar’s testimony and his report dated November 23, 2010, wherein he noted that Ms. Kinchen stated that she was planning to retire at the end of the year.
Ms. Kinchen also testified that the phone operator position was not available at the time she stopped working. This was also contradicted by Ms. Fleming, who testified that the phone operator job was available to Ms. Kinchen at all times pertinent to the litigation, including when Ms. Kinchen retired, although it was not available at the time of trial.
Ms. Kinchen testified that she never told anyone at work she was retiring because of hip and back problems because “it was none of their business,” and that she did not tell Dr. Parmar about her accident at Wal-Mart because he wasn’t really her doctor. She also | ¿admitted that she never sought approval from Wal-Mart for treatment of her hip and back. These comments are troubling in light of the fact that Ms. Kinchen now seeks benefits from Wal-Mart because she now alleges that her hip and back complaints are related to her September 11, 2008 accident.
Ms. Kinchen also aggressively pursued and succeeded in her claim for short term disability benefits through The Hartford, all the while submitting paperwork alleging specifically that her condition was not work-related, just as she did with her leave of absence requests for Wal-Mart.
After a thorough review of the record, we find no manifest error in the workers’ compensation judge’s determination that Ms. Kinchen failed to prove that her hip and back pain were related to the Wal-Mart accident. Thus, the judgment of the OWC, denying Ms. Kinchen’s claims for medical benefits for her hip and back and her claim for supplemental earnings benefits, and dismissing her case with prejudice, is affirmed. Costs are assessed against Ms. Kinchen.
AFFIRMED.
KUHN, J., concurs.